UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
06/05/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

JESSE HOLLOWAY,
Plaintiff,

v.

Case No. 1:25-cv-00678-RLY-MG

RYDER INTEGRATED LOGISTICS, INC.,
and ROCKWELL AUTOMATION, INC.,
Defendants.

**Declaration of Jesse Holloway Regarding Ryder's False Statements to the EEOC**

I, Jesse Holloway, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and based on my personal knowledge:

**I. Ryder's False and Contradictory Statements to the EEOC**

1. On October 4, 2024, I filed a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC), initiating Case No. 470-2024-03869.
2. In response to my charge, Ryder Integrated Logistics, Inc. submitted multiple position statements to the EEOC in November 2024 and February 2025. These position statements falsely asserted that:
   - I was terminated for legitimate performance-related reasons;
   - My internal complaints were "investigated and found to be unsubstantiated"; and
   - There was "no evidence" of retaliation or discrimination.

- That my status was exempt, and I never submitted any documentation to prove I worked overtime.

3. These representations were materially false and misleading. At no time prior to my protected complaints was I issued any form of discipline or negative performance documentation. My performance was consistently positive, and multiple witnesses corroborate my professionalism and qualifications.

4. Internal documents disclosed by the EEOC in response to my Freedom of Information Act (FOIA) request contradict Ryder's assertions. The EEOC's internal memorandum attached (Exhibit-A) below states:

   - **Respondent subjected Charging Party to an adverse action that would likely discourage a reasonable person from opposing discrimination or participating in the EEO process**;
   - **There was a causal connection between Charging Parties protected activity and the adverse treatment**;
   - **Charging Party was paid less than other similarly situated but not of Charging Party's Group;**
   - **Respondent is UNABLE to explain the difference in treatment or Respondent's explanation is in fact Pre-text for discrimination;**
   - **Respondent filled the job with someone outside Charging Party's protected class or continued to seek applications from persons with similar qualifications.**

5. Ryder maintained a narrative that deliberately omitted material facts, contradicted documentary evidence, and undermined the integrity of the EEOC's investigative process to shield themselves from liability.

## II. Use of Fabricated Discipline to Influence EEOC Proceedings

6. On November 8, 2024—just 34 days after I filed my EEOC charge—Ryder issued me a Final Written Warning, the first and only formal disciplinary action during my employment.

7. That warning was executed in part by Melissa Isbell, who was on approved leave at the time. Around the same period, Ryder issued a separate FMLA-related coaching memo, which was later rescinded by Vice President Maria Ruiz for it not having any merit.

8. Despite that rescission or de facto Admission of guilt, Ryder allowed the Final Written Warning to remain in effect and presented it as legitimate to the EEOC, even though both write-ups were connected to the same manager (Stephen Toms) whom I had previously reported for discriminatory treatment and retaliation.

9. Ryder issued my Final and FMLA coaching on 11/8/2024 but somehow failed to disclose it to the EEOC in their first position statement their counsel submitted on 11/15/2024.

10. Ryder's concealment of the rescission, use of a fabricated Final Written Warning, and presentation of misleading statements to the EEOC constitute bad-faith conduct that materially affected the outcome of the federal investigation.

**III. Evidentiary Reservation and Intent to Challenge Use of EEOC Filings**

10. I expressly reserve the right to treat Ryder's EEOC position statements as inadmissible hearsay pursuant to Federal Rule of Evidence 802, and to move in limine under Federal Rule of Evidence 403 to exclude them on the basis that they are:

- Prejudicial and misleading;
- Contradicted by EEOC findings released under FOIA;
- Based on incomplete or knowingly falsified information;
- Submitted for improper purposes to obstruct or mislead a federal agency.

11. I further reserve the right to treat Ryder's conduct in submitting these false statements as relevant to my abuse of process, and obstruction claims, and to present the EEOC's findings as admissible evidence of retaliatory motive and pretext.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: June 5, 2025
Indianapolis, Indiana

/s/ Jesse Holloway
Jesse Holloway
Pro Se Plaintiff

11215 Willowmette Ln.

Indianapolis, IN 46235

ariesjackson702@icloud.com

(765) 240-3118

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2025, this motion was served via CM/ECF or email upon:

- Christina M. Mallatt – christina.mallatt@ogletree.com
- David Kuhnz – david.kuhnz@ogletree.com

  and
- Jacob Freeland – jfreeland@constangy.com

Jesse Holloway

# EXHIBIT - A

EXHIBIT – A page 1

EEOC Form 291

## MEMORANDUM

**Recommendation for Closure**

To: Michelle Eisele, District Director — Charge No.: 24F-2025-00009

From: Myia Snow

Subject: Jesse Holloway V. Ryder

I recommend dismissal/closure of this charge based on the following:

(b) (5) [redacted]

- Failure to State a Claim
- No Covered ADA Disability
- Too Few Employees/Members
- Untimely
- Not Reasonable Cause
- Other (Duplicate Charge with TWC)

(b) (5) [redacted]

- Settlement/Mediation (including withdrawals with benefits and successful conciliations)
- Withdrawal without Benefits
- Right to Sue (Issued on Request)
- Director must certify: processing unlikely to be completed within 180 days of filing (Title VII/ADA/GINA)

Specific information in support of recommendation/decision:

**Statute:** The Americans With Disabilities Act of 1990 (ADA) and Title VII of the Civil Rights Act of 1964 (Title VII)
**Basis:** Cancer, Race-Black or African American and Retaliation
**Issue:** Wages/Compensation, Terms/Conditions, Promotion, Discipline

(b) (5) [redacted]

Retaliation

2. R subjected CP to an adverse action that would likely discourage a reasonable person from opposing discrimination or participating in the EEO process– (b) (5) [redacted]

3. There was a causal connection between CP's protected activity and the adverse treatment– (b) (5) [redacted]

Wages/Compensation

2. Charging Party was paid less than others similarly situated but not of Charging Party's group– (b) (5) [redacted]

Terms/Conditions

4. Respondent is unable to explain the difference in treatment or Respondent's explanation is in fact pretext for discrimination– (b) (5) [redacted]

Promotion

4. R filled the job with someone outside CP's protected class or continued to seek applications from persons with similar qualifications– (b) (5) [redacted]

Discipline

3. CP was discharged or otherwise disciplined– (b) (5) [redacted]

(b) (5) [redacted] I believe further investigation is unlikely to result in a cause finding and recommend the charge be dismissed and a NRTS be issued.

Decision by /
Recommendation approved by: ______________________ 2/27/2025
(Signature) (Date)