UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
06/05/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

JESSE HOLLOWAY, )
Plaintiff, )
)
v. )
) Case No. 1:25-cv-00678-RLY-MG
RYDER INTEGRATED LOGISTICS, INC., )
and ROCKWELL AUTOMATION, INC., )
Defendants. )

**Declaration of Jesse Holloway in Support of ADA Retaliation and Failure-to-Accommodate Claim**

***Pursuant to 28 U.S.C. § 1746***

I, Jesse Holloway, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

**I. Disability and Medical Certification**

1. I was employed by Ryder Integrated Logistics, Inc. as a Customer Logistics Manager until my termination in December 2024.
2. I live with a chronic medical condition that substantially limits major life activities, including stamina, energy levels, and stress tolerance. This condition requires periodic medical intervention and intermittent rest, which limits my ability to consistently work without accommodation.
3. On July 11, 2024, my treating physician submitted a Department of Labor WH-380-E form to Ryder Human Resources certifying the nature of my condition and the necessity for intermittent leave and modified work expectations.

4. On July 18, 2024, Ryder formally approved my intermittent leave request. This approval constituted actual notice of my disability under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and triggered Ryder's duty to engage in the interactive process.

5. Attached as Exhibit A is a redacted copy of the WH-380-E form. The only redactions made were to protect a privileged medical detail irrelevant to Ryder's operational needs or legal obligations. All information regarding functional limitations, frequency, and need for leave remains intact and unchanged.

**II. Employer Notice and Approval**

6. My provider's certification stated that I would need intermittent leave approximately once per week for up to 10 hours per episode, which aligned with my actual usage and was never questioned before October 2024.

7. Ryder approved these request without delay and without seeking clarification. I had no issues with FMLA processing or ADA-related leave from July 18, 2024, through early October 2024.

8. On October 4, 2024, I filed a formal Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) alleging race and disability-based discrimination and retaliation.

9. After this filing, Ryder's behavior toward me changed abruptly. Despite previously processing my intermittent leave without resistance, Ryder began delaying, disputing, and ultimately disciplining me for properly submitted leave entries.

10. No one from Ryder engaged in any interactive discussion with me after my EEOC filing. I received no outreach, no requests for clarification, and no effort to accommodate my condition—despite Ryder's legal obligation under 29 C.F.R. § 1630.2(o)(3) to engage in the interactive process.

11. Instead, Tim O'Brien (HR) approved a FMLA coaching memo on November 7, 2024, based off the information from Stephen Toms—falsely alleging I failed to log my intermittent leave in Workday for October 29 and November 5. These entries were submitted and timestamped appropriately but were left "in progress" due to my manager, Melissa Isbell, being on leave.

12. I also notified my acting manager Samuel Gonzalez of my leave usage, who was not contacted to verify any information. The information was available, recorded, and consistent with my approved accommodation.

13. The very next day—November 8, 2024—I was issued the coaching. This occurred just a few weeks after my EEOC charge and was based on allegations of Tom's whom I submitted multiple internal complaints about. This sequence of events demonstrates a clear causal link between my protected activity and the discipline I received.

**III. Pretext and Retaliatory Motive**

14. Ryder's rationale for disciplining me was factually false. The leave in question had been properly entered and documented, and their internal delays were caused by their own supervisor being unavailable—not any action or omission on my part.

15. After internal review, Maria Ruiz, Vice President of Human Resources, rescinded the November 7 coaching, after Samuel Gonzalez did in fact verified I had been following

company policy— implicitly validating that the discipline had no merit at all. However, Ryder left the Final Written Warning in place and ultimately used it to support my termination in December 2024 all but for engaging in protected activity.

16. Ryder's conduct constitutes retaliation under **42 U.S.C. § 12203(a)** and interference under **42 U.S.C. § 12203(b)**, and represents a failure to accommodate under **42 U.S.C. § 12112(b)(5)(A).**

17. I was terminated not due to performance or policy violations, but because I exercised my rights under the ADA and filed a federal complaint. Ryder's failure to engage in the interactive process, followed by false discipline, exposes their discriminatory and retaliatory intent.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: June 5, 2025
Indianapolis, Indiana

/s/ Jesse Holloway
Jesse Holloway
Pro Se Plaintiff

11215 Willowmette Ln.

Indianapolis, IN 46235

ariesjackson702@icloud.com

(765) 240-3118

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2025, this motion was served via CM/ECF or email upon:

- Christina M. Mallatt – christina.mallatt@ogletree.com
- David Kuhnz – david.kuhnz@ogletree.com

  and
- Jacob Freeland – jfreeland@constangy.com

Jesse Holloway

# EXHIBIT - A

Hancock Family Medicine
8535 N Clearview Dr. Ste 200
McCordsville, IN 46055
Phone: 317-477-6400
Fax: 317-477-6409

Dr. Margaret Fitzsimmons, MD
Dr. Saneera Ilmudeen, MD

# Fax

To: Ryder System, INC HR Employee Service

From: Dr. Ilmudeen

Phone:

Pages: 5

Fax: 305-629-7641

Date: 7-11-24

Patient: Jesse Holloway

DOB: 3-24-87

☐ Urgent ☒ For Review ☐ Please Comment ☐ Please Reply

Comments: Completed FMLA paperwork

Confidentiality Statement: The documents accompanying this FAX contain confidential information that is intended only for the use of the individual or entity noted above. If you are not the intended recipient, you are notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is not permissible. If you have received this transmission in error, please notify us immediately by telephone so that arrangements can be made for the return of the original documents.
Thank you.

**Certification of Health Care Provider for Employee's Serious Health Condition under the Family and Medical Leave Act**

Ryder Ever better.

**DO NOT SEND COMPLETED FORM TO RYDER. RETURN TO THE PATIENT.**

The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. 29 U.S.C. §§ 2613, 2614(c)(3); 29 C.F.R. § 825.305. The employer must give the employee **at least 15 calendar days** to provide the certification. If the employee fails to provide complete and sufficient medical certification, his or her FMLA leave request may be denied. 29 C.F.R. § 825.313. Information about the FMLA may be found on the WHD website at www.dol.gov/agencies/whd/fmla.

## SECTION I – EMPLOYER

This form asks the health care provider for the information necessary for a complete and sufficient medical certification, which is set out at 29 C.F.R. § 825.306.

Employers must generally maintain records and documents relating to medical information, medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

(1) Employee name: Jesse Holloway 00374691
*First* *Middle* *Last*

(2) Employer name: Ryder System Inc/HR Employee Svc Date: 06/28/24 *(mm/dd/yyyy)*
*(List date certification requested)*

(3) The medical certification must be returned by 07/12/24 *(mm/dd/yyyy)*
*(Must allow at least 15 calendar days from the date requested, unless it is not feasible despite the employee's diligent, good faith efforts.)*

(4) Employee's job title: Manager Customer Logistics Job description (☒ is / ☐ is not) attached.
Employee's regular work schedule: Full Time
Statement of the employee's essential job functions: Please see job description
Completed forms can be faxed back to 305-629-7641 or employee can upload via MyRyder
*(The essential functions of the employee's position are determined with reference to the position the employee held at the time the employee notified the employer of the need for leave or the leave started, whichever is earlier.)*

## SECTION II - HEALTH CARE PROVIDER

Please provide your contact information, complete all relevant parts of this Section, and sign the form. Your patient has requested leave under the FMLA. The FMLA allows an employer to require that the employee submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to the serious health condition of the employee. For FMLA purposes, a "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves *inpatient care* or *continuing treatment by a health care provider*. For more information about the definitions of a serious health condition under the FMLA, see the chart on page 4.

**Employee Name:** Jesse Holloway 00374691

Health Care Provider's name: *(Print)* SANEERA ILMUDEEN

Health Care Provider's business address: 8535 N. Clearview Dr. Ste 200

Type of practice / Medical specialty: Family Practice. McCordsville, IN 46055

Telephone: (317) 477 6400 E-mail: ______

FAX: 317 477 6409.

**PART A: Medical Information**

Limit your response to the medical condition(s) for which the employee is seeking FMLA leave. Your answers should be your **best estimate** based upon your medical knowledge, experience, and examination of the patient. **After completing Part A, complete Part B to provide information about the amount of leave needed.** Note: For FMLA purposes, "incapacity" means the inability to work, attend school, or perform regular daily activities due to the condition, treatment of the condition, or recovery from the condition. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b).

(1) State the approximate date the condition started or will start: November of 2023 *(mm/dd/yyyy)*

(2) Provide your **best estimate** of how long the condition lasted or will last: Long term.

(3) Check the box(es) for the questions below, as applicable. For all box(es) checked, the amount of leave needed must be provided in Part B.

☐ **Inpatient Care**: The patient (☐ has been / ☐ is expected to be) admitted for an overnight stay in a hospital, hospice, or residential medical care facility on the following date(s): ______

☐ **Incapacity plus Treatment**: *(e.g. outpatient surgery, strep throat)*
Due to the condition, the patient (☐ has been / ☐ is expected to be) incapacitated for *more than* three consecutive, full calendar days from ______ *(mm/dd/yyyy)* to ______ *(mm/dd/yyyy)*.

The patient (☐ was / ☐ will be) seen on the following date(s): ______

The condition (☐ has / ☐ has not) also resulted in a course of continuing treatment under the supervision of a health care provider *(e.g. prescription medication (other than over-the-counter) or therapy requiring special equipment)*

☐ **Pregnancy**: The condition is pregnancy. List the expected delivery date: ______ *(mm/dd/yyyy)*.

☒ **Chronic Conditions**: *(e.g. asthma, migraine headaches)* Due to the condition, it is medically necessary for the patient to have treatment visits at least twice per year.

☒ **Permanent or Long Term Conditions**: *(e.g. Alzheimer's, terminal stages of cancer)* Due to the condition, incapacity is permanent or long term and requires the continuing supervision of a health care provider (even if active treatment is not being provided).

☒ **Conditions requiring Multiple Treatments**: *(e.g. chemotherapy treatments, restorative surgery)* Due to the condition, it is medically necessary for the patient to receive multiple treatments.

☐ **None of the above**: If none of the above condition(s) were checked, (i.e., inpatient care, pregnancy) no additional information is needed. Go to page 4 to sign and date the form.

**Employee Name:** Jesse Holloway 00374691

(4) If needed, briefly describe other appropriate medical facts related to the condition(s) for which the employee seeks FMLA leave. *(e.g., use of nebulizer, dialysis)* B-cell Lymphoma due to [redacted]

**PART B: Amount of Leave Needed**

For the medical condition(s) checked in Part A, complete all that apply. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your **best estimate** based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage.

(5) Due to the condition, the patient (☐ had / ☐ will have) **planned medical treatment(s)** (scheduled medical visits) *(e.g. psychotherapy, prenatal appointments)* on the following date(s): ______

(6) Due to the condition, the patient (☐ was / ☐ will be) **referred to other health care provider(s)** for evaluation or treatment(s). He is seeing Infectious Disease Specialist

State the nature of such treatments: *(e.g. cardiologist, physical therapy)* Medical treatment

Provide your **best estimate** of the beginning date Life long *(mm/dd/yyyy)* and end date ______ *(mm/dd/yyyy)* for the treatment(s).

Provide your **best estimate** of the duration of the treatment(s), including any period(s) of recovery *(e.g. 3 days/week)* patient is also seeing a Oncologist

(7) Due to the condition, it is medically necessary for the employee to work a **reduced schedule.**

Provide your **best estimate** of the reduced schedule the employee is able to work. From 7/12/24 *(mm/dd/yyyy)* to 1/12/25 *(mm/dd/yyyy)* the employee is able to work: *(e.g., 5 hours/day, up to 25 hours a week)*
45 hrs per week

(8) Due to the condition, the patient (☐ was / ☐ will be) **incapacitated for a continuous period of time**, including any time for treatment(s) and/or recovery.

Provide your **best estimate** of the beginning date ______ *(mm/dd/yyyy)* and end date ______ *(mm/dd/yyyy)* for the period of incapacity.

(9) Due to the condition, it (☐ was / ☒ is / ☐ will be) medically necessary for the employee to be absent from work on an **intermittent basis** (periodically), including for any episodes of incapacity i.e., episodic flare-ups. Provide your **best estimate** of how often (frequency) and how long (duration) the episodes of incapacity will likely last.

Over the next 6 months, episodes of incapacity are estimated to occur 1 times per (☐ day / ☒ week / ☐ month) and are likely to last approximately 1 (☐ hours / ☒ days) per episode.

patient may be Absent from work for 1 day in 1 week

**Employee Name:** Jesse Holloway 00374691

**PART C: Essential Job Functions**

If provided, the information in Section I question #4 may be used to answer this question. If the employer fails to provide a statement of the employee's essential functions or a job description, answer these questions based upon the employee's own description of the essential job functions. An employee who must be absent from work to receive medical treatment(s), such as scheduled medical visits, for a serious health condition is considered to be *not able* to perform the essential job functions of the position during the absence for treatment(s).

(10) Due to the condition, the employee (☐ was not able / ☐ is not able / ☐ will not be able) to perform *one or more* of the essential job function(s). Identify at least one essential job function the employee is not able to perform: He is able to perform his Job but he needs to restrict his hours and he should be allowed to take a day off in week if he feels too sick

**Signature of Health Care Provider** [signature] **Date** 7/10/22 *(mm/dd/yyyy)*

| **Definitions of a Serious Health Condition** *(See 29 C.F.R. §§ 825.113-.115)* |
|---|
| **Inpatient Care** |
| • An overnight stay in a hospital, hospice, or residential medical care facility.<br>• Inpatient care includes any period of incapacity or any subsequent treatment in connection with the overnight stay. |
| **Continuing Treatment by a Health Care Provider (any one or more of the following)** |
| **Incapacity Plus Treatment:** A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves either:<br>○ Two or more in-person visits to a health care provider for treatment within 30 days of the first day of incapacity unless extenuating circumstances exist. The first visit must be within seven days of the first day of incapacity; or,<br>○ At least one in-person visit to a health care provider for treatment within seven days of the first day of incapacity, which results in a regimen of continuing treatment under the supervision of the health care provider. For example, the health provider might prescribe a course of prescription medication or therapy requiring special equipment. |
| **Pregnancy:** Any period of incapacity due to pregnancy or for prenatal care. |
| **Chronic Conditions:** Any period of incapacity due to or treatment for a chronic serious health condition, such as diabetes, asthma, migraine headaches. A chronic serious health condition is one which requires visits to a health care provider (or nurse supervised by the provider) at least twice a year and recurs over an extended period of time. A chronic condition may cause episodic rather than a continuing period of incapacity. |
| **Permanent or Long-term Conditions:** A period of incapacity which is permanent or long-term due to a condition for which treatment may not be effective, but which requires the continuing supervision of a health care provider, such as Alzheimer's disease or the terminal stages of cancer. |
| **Conditions Requiring Multiple Treatments:** Restorative surgery after an accident or other injury; or, a condition that would likely result in a period of incapacity of more than three consecutive, full calendar days if the patient did not receive the treatment. |

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 15 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

**DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR. RETURN TO THE PATIENT.**

# EXHIBIT – B

**Designation Notice**
**under the Family and Medical Leave Act**

**DO NOT SEND TO RYDER, PROVIDE TO EMPLOYEE.**

Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform the employee of the amount of leave that will be counted against the employee's FMLA leave entitlement. In order to determine whether leave is covered under the FMLA, the employer may request that the leave be supported by a certification. If the certification is incomplete or insufficient, the employer must state in writing what additional information is necessary to make the certification complete and sufficient. While use of this form is optional, a fully completed Form WH-382 provides employees with the information required by 29 C.F.R. §§ 825.300(d), 825.301, and 825.305(c), which must be provided within five business days of the employer having enough information to determine whether the leave is for an FMLA-qualifying reason. Information about the FMLA may be found on the WHD website at www.dol.gov/agencies/whd/fmla.

## SECTION I - EMPLOYER

The employer is responsible in **all** circumstances for designating leave as FMLA-qualifying and giving notice to the employee. Once an eligible employee communicates a need to take leave for an FMLA-qualifying reason, an employer may not delay designating such leave as FMLA leave, and neither the employee nor the employer may decline FMLA protection for that leave.

Date: 07/18/24 *(mm/dd/yyyy)*

From: Ryder System, Inc. HR Employee Svcs *(Employer)* To: Jesse Holloway 00374691 *(Employee)*

On 07/11/24 *(mm/dd/yyyy)* we received your most recent information to support your need for leave due to:
*(Select as appropriate)*

- ☐ The birth of a child, or placement of a child with you for adoption or foster care, and to bond with the newborn or newly-placed child
- ☑ Your own serious health condition
- ☐ The serious health condition of your spouse, child, or parent
- ☐ A qualifying exigency arising out of the fact that your spouse, child, or parent is on covered active duty or has been notified of an impending call or order to covered active duty with the Armed Forces
- ☐ A serious injury or illness of a covered servicemember where you are the servicemember's spouse, child, parent, or next of kin *(Military Caregiver Leave)*

**We have reviewed information related to your need for leave under the FMLA along with any supporting documentation provided and decided that your FMLA leave request is:** *(Select as appropriate)*

■ **Approved.** All leave taken for this reason will be designated as FMLA leave. Go to Section III for more information.

☐ **Not Approved**: *(Select as appropriate)*
- ☐ The FMLA does not apply to your leave request.
- ☐ As of the date the leave is to start, you do not have any FMLA leave available to use.
- ☐ Other ____________________

☐ **Additional information** is needed to determine if your leave request qualifies as FMLA leave. *(Go to Section II for the specific information needed. If your FMLA leave request is approved and no additional information is needed, go to Section III.)*

## SECTION II – ADDITIONAL INFORMATION NEEDED

We need additional information to determine whether your leave request qualifies under the FMLA. Once we obtain the additional information requested, we will inform you **within 5 business days** if your leave will or will not be designated as FMLA leave and count towards the amount of FMLA leave you have available. **Failure to provide the additional information as requested may result in a denial of your FMLA leave request**.

If you have any questions, please contact: ____________________ at ____________________
*(Name of employer FMLA representative)* *(Contact information)*

**Incomplete or Insufficient Certification**
The certification you have provided is incomplete and/or insufficient to determine whether the FMLA applies to your leave request. *(Select as applicable)*

☐ The certification provided is incomplete and we are unable to determine whether the FMLA applies to your leave request. *"Incomplete" means one or more of the applicable entries on the certification have not been completed.*

**Employee Name:** Jesse Holloway 00374691

☐ The certification provided is insufficient to determine whether the FMLA applies to your leave request. *"Insufficient" means the information provided is vague, unclear, ambiguous or non-responsive.*

***Specify the information needed to make the certification complete and/or sufficient:*** ______________________________

You must provide the requested information no later than *(provide at least 7 calendar days)* ____________ *(mm/dd/yyyy),* unless it is not practicable under the particular circumstances despite your diligent good faith efforts, or your leave may be denied.

**Second and Third Opinions**

☐ We request that you obtain a (☐ second / ☐ third opinion) medical certification at our expense, and we will provide further details at a later time. *Note: The employee or the employee's family member may be requested to authorize the health care provider to release information pertaining only to the serious health condition at issue.*

## SECTION III – FMLA LEAVE APPROVED

As explained in Section I, your FMLA leave request is approved. All leave taken for this reason will be designated as FMLA leave and will count against the amount of FMLA leave you have available to use in the applicable 12-month period. The FMLA requires that you notify us as soon as practicable if the dates of scheduled leave change, are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against the total **amount of FMLA leave** you have available to use in the applicable 12-month period: *(Select as appropriate)*

■ Provided there is no change from your **anticipated FMLA leave schedule**, the following number of hours, days, or weeks will be counted against your leave entitlement: FMLA/Self Intermittent 7/10/24-7/10/25 (One Day Per Week, duration 1 Day Per Episode For Treatments/Incapacity.

☐ Because the leave you will need will be **unscheduled**, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period).

Please be advised: *(check all that apply)*

■ **Some or all of your FMLA leave will not be paid.** Any unpaid FMLA leave taken will be designated as FMLA leave and counted against the amount of FMLA leave you have available to use in the applicable 12-month period.

☐ **Based on your request, some or all of your available paid leave** *(e.g., sick, vacation, PTO)* **will be used during your FMLA leave.** Any paid leave taken for this reason will also be designated as FMLA leave and counted against the amount of FMLA leave you have available to use in the applicable 12-month period.

☐ **We are requiring you to use some or all of your available paid leave** *(e.g., sick, vacation, PTO)* **during your FMLA leave.** Any paid leave taken for this reason will also be designated as FMLA leave and counted against the amount of FMLA leave you have available to use in the applicable 12-month period.

☐ **Other:** ______________________________
*(e.g., Short- or long-term disability, workers' compensation, state medical leave law, etc.)* Any time taken for this reason will also be designated as FMLA leave and counted against the amount of FMLA leave you have available to use in the applicable 12-month period.

**Return-to-work requirements.** To be restored to work after taking FMLA leave, you (☐ will be / ▣ will not be) required to provide a medical release from your health care provider indicating that you are able to resume work. This medical release is *only* with regard to the particular serious health condition that caused your need for FMLA leave. **If such certification is not timely received, your return to work may be delayed until the certification is provided.**

☐ ☐

**** Company benefits will not be extended beyond leave entitlement (e.g. 12 weeks of FMLA).**

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**

It is mandatory for employers to inform employees in writing whether leave requested under the FMLA has been determined to be covered under the FMLA. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(d), (e). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

**DO NOT SEND THE COMPLETED FORM TO RYDER, RETURN TO EMPLOYEE.**

# EXHIBIT – C

Ryder Ever better.

November 7, 2024

Jesse Holloway

Customer Logistics Manager

Jesse,

I recently noticed that you have not yet entered your absences due to your approved intermittent FMLA time taken on October 29 and November 5 in your attendance record in Workday. You must enter that time into your workday absence record before you leave the building today, as it otherwise will result in you being overpaid. Going forward, you are to enter time off due to your approved intermittent FMLA within one day of returning to work from the leave. You are to notify myself or another manager nearby if you need to leave the warehouse before the end of your scheduled shift due to your approved leave.

An approved intermittent FMLA leave grants unpaid time off from work. Therefore, if you wish to receive PTO pay for that time, you must request an approval to receive PTO time for those hours within Workday, or they will be unpaid. This request must also be completed within one day of your return to work.

As a manager, these requirements should also be shared with anyone working directly for you who has an approved FMLA Intermittent leave. Violations of the requirements described above are subject to disciplinary action.

Best regards,

Allen Adams

I acknowledge that I have received this information and agree to comply with these requirements.

Signature: ______________________________ Date: ____________________

Jesse Holloway

# EXHIBIT – D

## Details

2 items

| Date | Type | Requested | Initiated On | Absence Event | Comme |
|---|---|---|---|---|---|
| 10/22/2024 | Intermittent FMLA with Vacation | 10 Hours | 10/22/2024 12:38 AM | Absence Request: Jesse Holloway | |
| 10/22/2024 | Intermittent FMLA with Vacation | -10 Hours | 10/29/2024 03:16 PM | Absence Correction: Jesse Holloway | |

| Date | Day of the Week | Type | Requested | Unit of Time | Status |
|---|---|---|---|---|---|
| 11/05/2024 | Tuesday | Intermittent FMLA with Vacation | 10 | Hours | Submitted |
| 10/22/2024 | Tuesday | Intermittent FMLA with Vacation | 10 | Hours | Approved |
| 10/22/2024 | Tuesday | Intermittent FMLA with Vacation | -10 | Hours | Submitted |
| 10/05/2024 | Saturday | Intermittent FMLA with Vacation | 10 | Hours | Approved |
| 09/16/2024 | Monday | Intermittent FMLA with Vacation | 10 | Hours | Approved |
| 09/14/2024 | Saturday | Intermittent FMLA with Vacation | 10 | Hours | Approved |
| 08/10/2024 | Saturday | Floating Holiday | 10 | Hours | Approved |
| 07/22/2024 | Monday | Intermittent FMLA Unpaid | 10 | Hours | Approved |

## Cancel Business Process

Absence Correction: Jesse Holloway

**For** Jesse Holloway

**Overall Process** Absence Correction: Jesse Holloway

**Overall Status** In Progress

### Details

**Time Off Correction** 1 item

| Date | Day of the Week | Type | Previously Requested | Correction to Requested | Unit of Time |
|---|---|---|---|---|---|
| 10/22/2024 | Tuesday | Intermittent FMLA with Vacation | 10 | 0 | Hours |

enter your comment

initiated this on the 29th, and mistakenly put the wrong day in.

### Process History

**Jesse Holloway** 1 week ago
Correct Time Off– Step Completed

Melissa Isbell
**Melissa Isbell (On Leave)**
Approval by Manager– Awaiting Action

Cancel Submit