FILED
06/22/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JESSE HOLLOWAY, )
Plaintiff, )
)
v. )
) Case No. 1:25-cv-00678-RLY-MG
RYDER INTEGRATED LOGISTICS, INC., )
and ROCKWELL AUTOMATION, INC., )
Defendants. )

# PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWERS AND AFFIRMATIVE DEFENSES AND REQUEST FOR ORDER TO SHOW CAUSE

## FOR FRAUDULENT CONCEALMENT, MATERIAL CONTRADICTIONS, AND PATTERN-BASED DECEPTION

## I. INTRODUCTION

Plaintiff Jesse Holloway, pro se, moves this Court to strike in full the Answers and Affirmative Defenses submitted by Defendants Ryder Integrated Logistics and Rockwell Automation, and to issue an Order to Show Cause pursuant to Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1927 based on documented fraud, suppression of material facts, and coordinated obstruction of judicial function. These filings are not mere misstatements; they are calculated distortions of fact that contradict Defendants' own internal admissions, contractual obligations, and litigation conduct.

## II. DEFENDANTS' CONTRADICTORY PLEADINGS ARE NOT LEGITIMATE DENIALS

### A. Ryder's EEOC and Court Filings Are Refuted by Its Own Documents

On October 14, 2024, Plaintiff filed a formal HR complaint detailing unpaid work on scheduled off-days, retaliation after protected activity, and discriminatory compensation. Ryder responded to the EEOC on November 15, 2024 by stating: "Mr. Holloway submitted no information establishing he had not been paid." This was false. On December 6, 2024, VP Maria Ruiz emailed Plaintiff: "We will look into the April dates where you worked off-days without compensation, AS IS THE PRACTICE AT THIS LOCATION)."

Despite this direct acknowledgment, Ryder submitted a second EEOC statement on February 3, 2025 concealing any knowledge of unpaid work, while fraudulently misrepresenting the owed wages as a "good-faith" payment. In its June 13, 2025 Answer to

Plaintiff's FAC, Ryder then denied all wage violations—(See ECF No. 48 .¶¶112-113, ¶131, and ¶¶151–152).

These denials were submitted after Ryder had already admitted the facts internally, while omitting and concealing this during the administrative process. This is a textbook violation of Rule 11(b)(3).[1]

**B. Rockwell's Denials Contradict Its Own Contractual Authority**

Rockwell denied knowledge of Plaintiff's complaints, EEOC charge, any duty to intervene, or joint employer control —(See ECF No.49). However, the Master Services Agreement (MSA) between Ryder and Rockwell:

- Requires prompt notice of employment-related claims (MSA §9.3(a));
- Grants Rockwell the right to assume legal control over Ryder's defense (MSA §9.3(b));
- Obligates Ryder to comply with Rockwell's Supplier Code, which mandates non-retaliation, escalation access, and labor law compliance (MSA §9.1 & §23.4).

These denials are therefore not just inaccurate—they are procedurally dishonest.[2]

**III. A PATTERN OF CONCEALMENT, BOILERPLATE OBSTRUCTION, AND PROCEDURAL DECEPTION**

Both Defendants have used generic, boilerplate denials and affirmative defenses that bear no relationship to the specific facts or evidence already in their possession. These responses are not legitimate exercises of advocacy—they are tactical shields meant to obstruct Plaintiff's access to truth, drag this litigation into prolonged discovery, and inflict additional harm.

Defendants deny:

- Knowledge of Plaintiff's disability, despite receiving FMLA documentation, medical submissions, and executing retaliatory discipline afterward;
- Receipt of protected complaints, despite email records and risk reports circulated through HR;

---

[1] See Odorizzi v. Bloomfield Sch. Dist., 426 F. Supp. 2d 576 (N.D.N.Y. 2006) (false factual assertions in pleadings merit sanctions).
[2] See Bell v. DaimlerChrysler Corp., 547 F.3d 796 (7th Cir. 2008) (false contractual denials support sanctions and pretext analysis).

- Contractual duties under the MSA that expressly bind them to labor compliance and retaliation prevention.

Plaintiff warned Defendants in his FAC (¶¶294-297) that any attempted contradictions would be pursued and litigated, yet they have responded with flat denials designed to exploit procedural mechanisms while knowing full well those denials are false. This is bad faith litigation weaponized to insulate themselves from liability during discovery.[3]

## IV. CIVIL CONSPIRACY AND INTERDEPENDENT LIABILITY

Defendants' denials are not merely implausible—they are coordinated. Rockwell cannot deny knowledge of employment claims it was contractually required to be notified of. Ryder cannot deny wage violations and disciplined fraudulently issued out of retaliation of protected activity—already acknowledged by its executives. This conduct reflects a civil conspiracy to:[4]

- Obstruct Plaintiff's access to evidence;
- Exploit boilerplate defenses to deny due process;
- Shield one Defendant behind the procedural posture of the other;
- Suppress Plaintiff's rights while invoking privilege as a cover.

The Defendants activity infers an enterprise-based collusion. Liability of one proves notice and negligence of the other. Rockwell's duty to oversee compliance, and Ryder's fabrication of denials in contradiction to internal records, form a basis of an intentional concerted effort to conceal retaliatory and discriminatory conduct.

## V. REQUESTED RELIEF

Plaintiff respectfully requests the Court:

1. Strike the entirety of Defendants' Answers and Affirmative Defenses as procedurally defective and unsupported by Rule 11(b)(3);

---

[3] See Fischbach v. D.C. Dept. of Corr., 86 F.3d 1180 (D.C. Cir. 1996) (holding that contradictory internal and external statements can warrant judicial remedy), Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) (demonstrating that courts possess inherent authority to impose sanctions for abuse of process), and Smith v. CB Commercial Real Estate Group, Inc., 947 F. Supp. 1282 (S.D. Ind. 1996) (establishing a Southern District of Indiana precedent for striking inconsistent pleadings).

[4] See Fils-Aime v. United Parcel Service, Inc., No. 1:21-cv-01828-JPH-TAB (S.D. Ind. 2022) (imposing sanctions for coordinated, deceptive litigation practices evidencing a civil conspiracy).

2. Issue an Order to Show Cause requiring Defendants and counsel to explain their contradictory filings and potential violations of Rule 11 and 28 U.S.C. § 1927;[5]

3. Preserve the record under the Court's inherent authority for appellate review and potential referral under disciplinary procedures; and

4. Grant any additional relief the Court deems necessary to preserve the integrity of these proceedings.

**VI. CONCLUSION**

Defendants have lied their way through every stage of this litigation. They have filed denials that contradict emails, policies, contracts, sworn statements, and filings on the docket. They have used generic legal boilerplate not to defend, but to evade and further retaliate. Plaintiff warned them this would be exposed, and they chose to proceed anyway—betting on procedural ambiguity and judicial leniency—See FAC ¶¶294-297.

This is not over-pleading. It is obstruction. It is coordinated fraud. It is civil conspiracy under the guise of defense. This Court has the authority to now act and hold both Defendants responsible and deter them as well as others from future abuse.

Respectfully submitted,

Jesse Holloway
/s/ Jesse Holloway
11215 Willowmette Ln.
Indianapolis, IN 46235
Telephone: (765) 240-3118
ariesjackson702@icloud.com
PRO SE PLAINTIFF
Dated: June 22, 2025

[5] See 28 U.S.C. §1927—which authorizes courts to require counsel to pay any excess costs resulting from an unreasonable multiplication of proceedings—and United States v. Sanchez, 471 F. Supp. 2d 66 (D.D.C. 2006) (exemplifying judicial willingness to impose financial sanctions for abuse of process).

## I. INTRODUCTION

This memorandum is submitted in support of Plaintiff's motion to strike the defendants' pleadings and to require an order to show cause. The underlying legal standard is clear: the judicial process must not be subverted by filings that are manifestly inconsistent with a party's known record and that are employed as tactical devices to hinder discovery and obfuscate the truth. The authority to intervene in such instances is well established by both procedural rule and case law.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 imposes a duty on parties and their counsel to certify that all factual contentions in pleadings are warranted by existing law or by a nonfrivolous argument for its extension or modification. When pleadings contain false, misleading, or blatantly contradictory statements, a court may impose appropriate sanctions to protect the integrity of the judicial process.[6] Moreover, 28 U.S.C. § 1927 provides that counsel who multiply proceedings unreasonably be held financially responsible for any excess costs incurred, reinforcing that abusive litigation practices are not to be tolerated.[7]

## III. ARGUMENT

### A. Inherent Authority to Sanction Misrepresentations

It is firmly established that when a party's filings starkly diverge from internally admitted facts, the court's inherent authority to sanction such conduct must be exercised. The precedent confirms that the manifestation of inconsistent pleadings is not merely a procedural omission but a fundamental challenge to the truth-seeking aegis of the court. Citing established case law, courts have repeatedly held that contradictory statements, whether expressed overtly or by omission, justify severe judicial redress.

### B. Precedent on Striking Inconsistent Pleadings

Southern District precedent is instructive. In decisions such as *Smith v. CB Commercial Real Estate Group, Inc.*, the court has scrutinized the tactical use of boilerplate defenses that are inconsistent with a party's internal records, thereby warranting the striking of such pleadings. The force of this precedent is enhanced when taken together with the broader

---

[6] See *Fischbach v. D.C. Dept. of Corr.*, 86 F.3d 1180 (D.C. Cir. 1996) (holding that contradictory internal and external statements can warrant judicial remedy); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (recognizing the court's authority to impose sanctions for abuse of process).

[7] *Smith v. CB Commercial Real Estate Group, Inc., 947 F. Supp*. 1282 (S.D. Ind. 1996) (establishing Southern District precedent for striking inconsistent pleadings); also, see 28 U.S.C. §1927 and *United States v. Sanchez*, 471 F. Supp. 2d 66 (D.D.C. 2006) for further discussion on sanctions for abusive litigation.

circuit authority that recognizes sanctions for misrepresentations designed to obstruct discovery.

**C. Deterrence of Abusive Litigation Practices**

Beyond striking pleadings, statutory provisions under 28 U.S.C. § 1927 empower the court to impose additional sanctions. This dual approach—combining Rule 11's mandate with the financial deterrence embedded in § 1927—sent unequivocal signals that the judicial process is immune from manipulation. The court's prompt action in such circumstances is necessary not only to redress the abuse in the instant litigation but also to safeguard against a recurrence of such illicit practices in any proceeding.

**IV. CONCLUSION**

For the reasons stated above, it is imperative that the Court exercise its inherent authority to strike the defendants' pleadings that flagrantly depart from the truth and to issue an Order to Show Cause. The clear and indisputable authority established in the case law compels this Court to act decisively in order to preserve the integrity of these proceedings and to deter any future conduct of this abusive nature.

Respectfully submitted,

Jesse Holloway
/s/ Jesse Holloway

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2025, a true and correct copy of the above and foregoing was served via the Court's electronic filing system, and via electronic mail, on the following:

Jacob A. Freeland

R. Evan Jarrold,

Constangy, Brooks, Smith & Prophete, LLP

Email: jfreeland@constangy.com

Email: ejarrold@constangy.com

Counsel for Ryder Integrated Inc & Rockwell Automation Inc.,

Jesse Holloway

Pro Se Plaintiff

/s/ Jesse Holloway