UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
08/25/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

**JESSE HOLLOWAY,**
**Plaintiff,**

**v.**

**RYDER INTEGRATED LOGISTICS, INC., and ROCKWELL AUTOMATION, INC.,**
**Defendants.**

**Case No. 1:25-cv-00678-RLY-MG**

# PLAINTIFF'S CONSOLIDATED NOTICE OF MATERIAL CONTRADICTIONS, AUTHENTICATION OF EXHIBIT A, AND PRESERVATION OF RECORD UNDER RULE 54(b)

## I. INTRODUCTION

Plaintiff, pro se, submits this Consolidated Notice to document a deliberate, multi-filing pattern of factual contradiction, post-decree concealment, and credibility-destroying denials by Defendants, and their counsel, Constangy Brooks Smith & Prophete LLP. This filing serves to:

1. Preserve the record for admissibility of evidence previously denied judicial notice.

2. Identify Defendants' false denials of material facts pled in the First Amended Complaint (ECF No. 17).

3. Expose how defense counsel, who previously represented Ryder in EEOC v. Kimco—has knowingly misrepresented facts already verified in public federal court decrees.

4. Request preservation of all contradictions for trial and preclusion purposes.

Plaintiff does not seek relief through this Notice, but asserts his right to place these contradictions on the record under Rule 54(b) and FRCP 8(b)(6). These preserved inconsistencies directly implicate credibility, pretext, estoppel, and are now part of the factual matrix governing dispositive rulings, trial issues, and appellate review under FRAP 10.

## II. DOCUMENTED FACTUAL MATRIX

### A. Plaintiff's First Amended Complaint (ECF No. 17)

Plaintiff alleged, in detailed factual and legal terms:

1. Ryder previously entered into a Consent Decree in 2021 due to alleged retaliation and race-based promotion manipulation (¶14, ¶239);
2. Maria Ruiz, listed as the EEOC-appointed compliance officer, later participated in Plaintiff's write-up rescission and alleged retaliation (¶144–145, ¶148, ¶150(g));

Plaintiff also stated explicitly:

"Stephen Toms manipulated the system to punish me, and **Maria Ruiz** helped bury it." (¶145)

"**Ruiz** invoked a retroactive, baseless excuse to save face and shield Ryder from liability." (¶145)

"Rather than mastering compliance with EEOC guidelines, **Maria Ruiz** honed her skills in manipulating investigations, controlling narratives, and concealing material evidence." (¶145(a))

"This wasn't a clerical oversight. It was a calculated act of retaliation… **Maria Ruiz** didn't correct the mistake; she covered it up." (¶148)

"Human Resources officials—including **Maria Ruiz**—were aware that the corrective action was retaliatory and based on false information yet took no proactive steps to address the malice intent…" (¶150(g))

**B. Defendants' Opposition to Judicial Notice (ECF No. 38)**

Defendants then claimed:

"**Nor does Plaintiff in any way connect the decree to the persons about whom he complains, and it is wholly unclear how it relates to 'intent,' 'pretext,' or involves similar actions**…" (ECF No. 38)

That statement is categorically false. Plaintiff's Complaint explicitly connects the Consent Decree's enforcement officer—**Maria Ruiz**—to the retaliatory acts in this case.

Defendants also stated:

1. "The decree involved a Ryder supplier's single facility where Ryder had no employees." – UNDISPUTED FACT
2. "It expired less than two months after Plaintiff's employment began."
3. "It contains no adjudication of guilt."

These arguments ignore Plaintiff's core allegation: that Ryder resumed the alleged identical misconduct immediately after the decree expired, and that Maria

Ruiz personally facilitated and OR concealed retaliatory acts after her formal federal compliance role ended.

**C. Defendants' Global Denials (ECF No. 48)**

Ryder denied every material allegation, including:

¶13 through ¶19 – Denied

¶144 – Denied

¶239 – Denied

¶279 – Denied

¶145, ¶148, ¶150(g) – Implicitly denied with no partial admissions

No "lack of information." No "denied in part." Just blanket denials of:

1. A federal decree they participated in,
2. A compliance officer they publicly listed,
3. A identical issues they previously resolved in court,

**D. Procedural Smears (ECF Nos. 69 and 74)**

Defendants then escalated by attacking the filings themselves:

1. "Almost none of Plaintiff's filings are rooted in law or admissible evidence…" (ECF No. 69)
2. "Each [judicial notice] requests recognition of unsupported and/or misrepresented facts…" (ECF No. 74)

3. "Plaintiff has inundated the docket with… legally and factually unsupported and harassing filings…" (ECF No. 74)

These statements were made after Defendants had:

1. Acknowledged the Consent Decree's existence,
2. Denied all connections to the people involved,
3. Refused to admit public facts about their own disciplinary history.

**E. The Court's Ruling (ECF No. 75)**

The Court ruled:

"The Court declines to take judicial notice of the contents of the consent decree and merely takes judicial notice that the EEOC issued a 2021 consent decree involving Defendant Ryder."

This confirms the Decree's existence, which Defendants deny has any relevance—and contradicts their smear campaign against plaintiff.

**III. NOTICE AND PRESERVATION OF CONTRADICTORY FILINGS**

Plaintiff respectfully submits this section for the limited purpose of preserving material contradictions across Defendants' court filings. These contradictions are not evidentiary disputes, but inconsistencies between sworn statements, denials, and prior public representations made under Rule 11.

Accordingly, Plaintiff requests that the Court:

1. Take notice of the specific contradictions outlined herein in Exhibit A, as they directly implicate credibility, pretext, and the factual sufficiency of Plaintiff's remaining and reinstatement-eligible claims;

2. Preserve Defendants' denials and contradictory filings—including but not limited to those in ECF Nos. 38 (Opposition to Judicial Notice), 48 (Answer), 69, and 74 (Procedural Motions)—for purposes of impeachment, estoppel, and judicial integrity;

3. Acknowledge that these contradictions originate from filings made by counsel with actual prior knowledge of the facts denied, and are thus relevant to Plaintiff's assertions of abuse of process and civil conspiracy.

Plaintiff does not seek relief at this time, but places these facts on the record under Rule 54(b), FRCP 8(b)(6), and Rule 11(b)(3), to preserve the full evidentiary and procedural foundation for future proceedings.

**IV. LEGAL PROCESS AS A VEHICLE FOR RETALIATION**

As alleged in Count XI (Abuse of Process), Defendants knowingly and willfully:

1. Submitted materially false filings to the EEOC with the intent to mislead a federal agency and preempt civil litigation;
2. Concealed or denied internal knowledge once external scrutiny and legal exposure arose;
3. Used formal process not to resolve a legal dispute, but to retaliate, obstruct discovery, and silence protected activity.

Indiana law defines abuse of process as the use of process for a purpose other than that for which it was designed." *Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1029 (Ind. Ct. App. 2005). Courts have found that using legal filings as retaliation or to obstruct the truth satisfies this standard.

Here, Plaintiff alleges and now documents:

1. The ulterior purpose is retaliation and litigation advantage through concealment and deception.

2. The willful act is the strategic misuse of judicial process to advance a false narrative, discourage intended litigation, shield institutional misconduct, and preempt Plaintiff from placing contradictions on the record prior to discovery.

This is not just a speculation. It is corroborated by Defendants sworn filings, procedural contradictions, and a clear sequence of deception carried out through official litigation filings—not limited to their:

1. Vague and unsupported accusations of "harassment," filed without evidentiary basis, Soley intended to discredit Plaintiff and limit his scope of discovery;

2. Personal attacks and smearing of Plaintiff's character in court filings, designed to distract from the legal merits and in the avoidance of addressing facts not up for dispute.

Their filings are not confined within the realm of what is considered a legal dispute or subjective opinions. They are deliberate manipulations of the judicial record—a strategic misuse of litigation procedure to retaliate, deflect, conceal, and limit plaintiff's rights.

## V. COUNSEL-SUPPORTED CONCEALMENT

Even more alarming is that Constangy Brooks, the same law firm that represented Ryder in the 2021 EEOC Consent Decree, is now the architect of Ryder's filings in this current proceeding. Despite possessing direct knowledge of the decree's terms and Maria Ruiz's role as compliance officer. Constangy has filed pleadings that:

1. Deny the decree's relevance;
2. Misrepresent its contents and the individuals involved;
3. Attacked Plaintiff's documented connection to it.

Such conduct implicates ABA Model Rule 1.2(d), which prohibits attorneys from counseling or assisting a client in conduct the lawyer knows is criminal or fraudulent:

"A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent."

By facilitating the submission of knowingly false denials and strategic omissions, Constangy has functioned not as neutral legal counsel but as an active conduit for concealment.

Accordingly, this conduct not only raises ethical red flags, but it conflicts against Rule 11(b)(3) and (b)(4) of the Federal Rules of Civil Procedure:

**Rule 11(b):** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney certifies that to

the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

The filings the Defendants submitted in this case were not accidental—they were willful, strategic, and made with full knowledge of both the governing rules and the underlying facts.

Furthermore, Rule 8 does not give a party a license to deny their own prior court filings, prior representation, or binding consent decree terms. Denials contradicting Rule 11-signed public documents are not protected litigation positions.

## VI. THE COURT MUST CONSIDER THIS NOTICE UNDER RULE 54(B)

In addition, this Notice is directly relevant to the Court's ruling on Defendants' pending Motion to Dismiss (ECF No. 47). The pattern of contradictions, false denials, and strategic concealment now presented reinforces the legal plausibility and factual sufficiency of Plaintiff's surviving tort claims under both Indiana law and federal pleading standards.

Accordingly, Plaintiff respectfully requests that this Notice be expressly considered:

1. In support of the reinstatement of dismissed claims under Rule 54(b); and

2. In opposition to Defendants' pending motion to dismiss Plaintiff's remaining state-law claims.

The record has now evolved. The facts have matured. Judicial awareness of these developments is necessary to preserve the integrity of the Court's prior rulings, and guard against procedural harm resulting from materially incomplete facts at the time of dismissal. This is precisely why Rule 54(b) grants the Court discretion to revisit interlocutory rulings where evolving facts materially alter the record.

## VII. CONCLUSION

This is not an evidentiary dispute. This is a formal notice of active deception—executed through coordinated denials, frivolous filings, and concealment of undisputed public facts.

1. Ryder was under federal enforcement for resolved claims nearly identical to those pled by Plaintiff — UNDISPUTED FACT

2. That enforcement was administered by Maria Ruiz, Vice President of Human Resources — UNDISPUTED FACT

3. Ruiz is directly named in Plaintiff's complaint as a corporate executive who helped facilitate and conceal unlawful conduct — UNDISPUTED FACT

4. Defendants denied all allegations referencing the Consent Decree, Ruiz's role, and the pattern of retaliation — UNDISPUTED FACT

5. Plaintiff expressly warned Defendants and their counsel in ¶296 of his FAC that any continued obstruction, spoliation, contradictory filings, or omission of adverse facts would trigger sanctions. – UNDISPUTED FACT

Under Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of any fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"

Defendants' filings are publicly available, submitted under Rule 11 certifications, and authenticated by their originating jurisdiction. They cannot now disown what they previously affirmed in federal enforcement proceedings and pleadings.

The Court must not allow this misconduct to go unacknowledged. To do so would embolden procedural fraud, erode Rule 11 enforcement, and nullify Rule 54(b)'s role in correcting evolving factual landscapes.

Plaintiff files this notice not merely for evidentiary clarity, but to preserve all related issues for appellate review under FRAP Rule 10 and Rule 54(b). The record must reflect these contradictions before any dispositive ruling may stand.

Respectfully submitted,

Jesse Holloway
/s/ Jesse Holloway
9430 Tower Lane
Indianapolis, IN 46235
Telephone: (765) 240-3118
ariesjackson702@icloud.com