UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSE HOLLOWAY, Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-00678-RLY-MG |
| RYDER INTEGRATED LOGISTICS, INC., et al., Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTIONS**

Pending before the Court is Plaintiff Jesse Holloway's Motion for Leave of Court to Serve Additional Interrogatories and Requests for Admission with Supporting Declaration, [Filing No. 132], and Motion to Compel Discovery From Defendant, [Filing No. 157.]

First, Plaintiffs moves for leave to serve up to seventy-five (75) interrogatories and seventy-five (75) requests for admission on each Defendant. Defendants Ryder Integrated Logistics, Inc. ("Ryder") and Rockwell Automation, Inc. ("Rockwell") filed a Response in Opposition to Plaintiff's Motion, [Filing No. 140.] In their Motion, Defendants highlight they have "already gone through the burden and expense of responding to 106 duplicative and often irrelevant discovery requests[.]" [Filing No. 140 at 1.] Defendants assert that Plaintiff has not demonstrated a particularized need to serve an additional 150 interrogatories and 150 requests for admission. The Court agrees with Defendants. Plaintiff notes in his Reply that Defendants "have responded [to his discovery requests] with a coordinated strategy of evasion . . . Serving near-identical boilerplate objections . . ." [Filing No. 143 at 1.] But serving additional discovery requests on Defendants would not aid Plaintiff. When the parties to a lawsuit reach an impasse during discovery, this Court's Local Rules provide a solution.

When discovery disputes arise, Local Rule 37-1 mandates that the parties confer in a good faith attempt to resolve the dispute before involving the Court. In his Motion to Compel, [Filing No. 157], Plaintiff states his compliance with this requirement. [*See* Filing No. 157 at 4–5] (noting Plaintiff sent multiple written notifications to Defendants stating that their discovery responses were deficient and requesting to meet and confer). According to Plaintiff, despite his efforts, Defendants' counsel rejected his demands. Importantly, Plaintiff's Motion stops short of demonstrating total compliance with Local Rule 37-1. Following an unsuccessful meet and confer, one or both parties must contact the Magistrate Judge to determine whether the Magistrate Judge is available for a telephone conference. L.R. 37-1(a). Local Rule 37-1 is clear: a party must contact the Magistrate Judge's chambers before filing a motion to compel. *See Midkiff v. Navient Sols., Inc.*, No. 1:20-cv-1962, 2021 WL 3810356, at *10 (S.D. Ind. Aug. 26, 2021) ("to the extent that they are unable to reach a resolution, Plaintiff shall, as required by Local Rule 37-1, contact the [Magistrate Judge] to request a discovery conference prior to filing a motion to compel.").

On July 1, 2023, Local Rule 37-1 was amended to remove an exception for pro se litigants. Thus, all litigants, whether represented by counsel or not, are required to contact the Magistrate Judge's chambers to schedule a discovery conference when a discovery dispute arises. The Court does not recall any attempts by Plaintiff to schedule a discovery conference, nor does Plaintiff detail any such attempts in his Motion. Thus, his Motion to Compel, [Filing No. 157], is **DENIED** without prejudice for failure to comply with Local Rule 37-1. Additionally, Plaintiff's Motion for Leave of Court to Serve Additional Interrogatories and Requests for Admission with Supporting Declaration, [Filing No. 132], is **DENIED** for the reasons stated in this Order.

IT IS SO ORDERED.

Date: 2/20/2026

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution to registered counsel of record via ECF and by U.S. Mail to

Jesse Holloway
9430 Tower Lane
Indianapolis, IN 46235