FILED
03/04/2026
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

**JESSE HOLLOWAY,** )
**Plaintiff,** )
)
**v.** )
) **Case No. 1:25-cv-00678-RLY-MG**
**RYDER INTEGRATED LOGISTICS, INC.,** )
**and ROCKWELL AUTOMATION, INC.,** )
**Defendants.** )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**PURSUANT TO 28 U.S.C. § 1915(e)(2)(A)**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....1

INTRODUCTION ....1

LEGAL STANDARDS ....2

STATEMENT OF FACTS ....2

I. The IFP Application .... 2, 3, 4, 5

II. The SNAP Accusation Is Impossible ....3

III. Defendants Knew About Plaintiff's IFP Status—and Said Nothing ....3

IV. Plaintiff Voluntarily Disclosed Everything ....3, 4

V. The 100-Day Silence and the Threat That Never Came ....4, 5

VI. The Motions to Compel ....5

ARGUMENT ....................................................................................................5, 6, 7, 8, 9, 10

I. Defendants Bear the Burden. They Cannot Meet It. ............................................5, 6

II. The IFP Form ....................................................................................................6

III. Defendants Had Proof of Plaintiff's Poverty in August 2025 ..........................6, 7

IV. Transparency Does Not Equal Concealment .......................................................7

V. This District's Precedent Compels Denial ........................................................7, 8

VI. Defendants Cannot Have It Both Ways ...........................................................8, 9

VII. This Court Rulings .......................................................................................9, 10

VIII. Defendants' Conduct Warrants Sanctions ........................................................10

CONCLUSION ............................................................................................................11

## TABLE OF AUTHORITIES

**<u>Cases</u>**

Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180 (11th Cir. 2006) ..............................10

Kennedy v. Huibregtse, 831 F.3d 441 (7th Cir. 2016) ......................................................7

Lake v. Gates, 2025 U.S. App. LEXIS 6015 (9th Cir. Mar. 14, 2025)....................................10

Littler v. Martinez, No. 2:16-cv-00472-JMS-DLP (S.D. Ind.)..............................................8

Mathis v. New York Life Ins. Co., 133 F.3d 546 (7th Cir. 1998) .........................................7

New Hampshire v. Maine, 532 U.S. 742 (2001) ..............................................................9

Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389 (6th Cir. 2009) ..................................10

Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305 (7th Cir. 2002) .................................5, 7

Wickens v. Shell Oil Co., 620 F.3d 747 (7th Cir. 2010) ............................................................7

**Statutes**

28 U.S.C. § 1915(e)(2)(A) ...........................................................................................2, 5

28 U.S.C. § 1927 ..........................................................................................................2, 10, 11

**Rules**

Fed. R. Civ. P. 11(b) .......................................................................................................2

Fed. R. Civ. P. 11(b)(3) ...................................................................................................1, 11

Fed. R. Civ. P. 12(g)(2) ...................................................................................................2

Fed. R. Civ. P. 12(h)(1) ...................................................................................................2

Fed. R. Civ. P. 16(b)(4) ...................................................................................................2

Fed. R. Civ. P. 34(b)(2)(C) ..............................................................................................4

S.D. Ind. L.R. 37-1 ..........................................................................................................2, 5

## PRELIMINARY STATEMENT

Whether Plaintiff omitted information from his IFP application is immaterial to any claim or defense. The omission caused no prejudice to Defendants. Prejudice, if any, would be to the American people, who fund the federal courts. Regardless of the IFP outcome, Plaintiff would have exercised his constitutional rights, and the parties would still be at this same juncture.

Defendants' motion is a Hail Mary—a desperate attempt to circumvent a scheduling order that expired six months ago, tied directly to Plaintiff's objection to unfettered access to his private financial information. They cannot be allowed to cry wolf with no evidence.

Ironically, every piece of financial information in their motion came from Plaintiff—voluntarily, under oath, without compulsion. Defendants discovered nothing. They caught nothing. Fraud does not involve transparency. Defendants aim to use this motion not to prove fraud, but to harass, retaliate, and mitigate damages.

## INTRODUCTION

Defendants accuse Plaintiff of omitting SNAP benefits. By their logic, Plaintiff should have disclosed in April 2025 the benefits he wouldn't apply for until August, wouldn't be approved for until October, and wouldn't receive until November. Plaintiff cannot have omitted benefits he was not receiving. This accusation is not merely wrong—it is impossible.

Rule 11(b)(3) requires factual contentions to have evidentiary support. This one has none. Counsel's duty was to investigate before filing. They did not. Or they did and filed anyway. Either way, they presented a false factual assertion to this Court.

Plaintiff gave Defendants his financial information voluntarily—under oath, without compulsion, months before any motion was filed. They discovered nothing. They caught nothing.

This is not zealous advocacy. This is an attempt to use procedural rules for an ulterior purpose: to avoid the consequences of their own discovery failures and to burden Plaintiff with motion practice designed to distract from the merits.

Such conduct violates the duty of candor and warrants denial of this motion and consideration of sanctions.

## LEGAL STANDARDS

**28 U.S.C. § 1915(e)(2)(A):** "[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."

**28 U.S.C. § 1927:** Any attorney who multiplies proceedings unreasonably and vexatiously may be required to satisfy costs and fees.

**Rule 11(b):** By presenting a motion, counsel certifies it is not for an improper purpose, claims are warranted by law, and factual contentions have evidentiary support.

**Rule 12(g)(2), (h)(1):** A party waives defenses available but omitted from an earlier motion.

**Rule 16(b)(4):** Scheduling orders may be modified only for good cause.

**Local Rule 37-1:** Parties must confer in good faith before filing discovery motions.

## STATEMENT OF FACTS

### I. The IFP Application

**On April 7, 2025,** Plaintiff filed this action and an application to proceed IFP. The form asked: "State your total monthly wages or salary?" Plaintiff answered: $1,350—his unemployment compensation.

**On April 8, 2025,** the Court granted IFP status. At filing, Plaintiff was unemployed, his car repossessed, and facing eviction (he was later evicted and became homeless), all disclosed to Defendants in August 2025. (Exhibit A1)

**II. The SNAP Accusation Is Impossible**

Plaintiff filed his IFP application in April 2025. He applied for SNAP in August 2025. He was approved in October 2025. He received no SNAP benefits until November 2025.

Defendants now assert that Plaintiff deliberately concealed SNAP benefits from an April 2025 application—benefits he would not apply for until four months later, would not be approved for until six months later, and would not receive until seven months later. The accusation is not merely wrong. It is impossible. (Exhibit B)

**III. Defendants Knew About Plaintiff's IFP Status—and Said Nothing**

**On October 10, 2025**—more than four months before filing this motion—Defendants' counsel acknowledged Plaintiff's IFP status in writing:

"[T]he Court still has to rule on the IFP motion and, assuming it is granted, screen the complaint as it has done in the other lawsuit." (Exhibit C).

They raised no objection. They took no action. They said nothing for 140 days.

**IV. Plaintiff Voluntarily Disclosed Everything**

**On October 15, 2025**—seven days after receiving Defendants' Interrogatory No. 12 (served October 8, 2025), which specifically requested "all income including . . . Social Security benefits"—Plaintiff filed a Notice of Supplemental Information in his second case disclosing his Social Security benefits. (Exhibit D).

**November 19, 2025:** Plaintiff served sworn interrogatory responses listing all income sources—employment history, unemployment, Social Security disability ($1,800/month), and SNAP ($298/month). Defendants' Mot., Ex. 3. Plaintiff provided this voluntarily, under oath, before any motion to compel, before any court order, and before Defendants ever raised the issue.

**January 13, 2026:** Defendants deposed Plaintiff:

Q: "Tell me all the sources of income you've had since your employment with Ryder ended."
A: "Unemployment and Social Security."

Defendants' Mot., Ex. 1 at 155:6-9.

Plaintiff did not conceal. He told them everything—in writing, under oath, on the record, months before this motion was filed.

**V. The 100-Day Silence and the Threat That Never Came**

For 100 days, Defendants sat on Plaintiff's financial information and said nothing.

They had it in November 2025, when Plaintiff disclosed all income under oath. They had it at his January 13, 2026, deposition. Discovery closed January 14, 2026.

**On January 19, 2026**, Plaintiff served another deficiency notice identifying the same discovery failures he had been raising since October 2025—noncompliant privilege logs, improper withholding under Rule 34(b)(2)(C), and evasive responses. (Exhibit E).

Two days later on January 21, 2026—Defendants' interest in Plaintiff's IFP status suddenly emerged. They demanded his financial records, asserting the information was "directly relevant to you in forma pauperis status." (Exhibit F).

Defendants threatened to move to compel. Plaintiff objected on January 27, 2026, and noted that discovery had closed on January 14. (Exhibit G)

If Plaintiff's IFP status were material—if Defendants truly believed Plaintiff committed fraud—they had a clear path: file a motion to compel. They chose not to use it, and thus waived it on several occasions.

**VI. The Motions to Compel**

**On February 10, 2026,** Plaintiff filed Motions to Compel, documenting Defendants' continued discovery deficiencies—noncompliant privilege logs, improper withholding, and evasive responses dating back to October 2025. ECF Nos. 156, 157.

The motions went unopposed. Defendants did not respond. They knew Plaintiff had not complied with Local Rule 37-1.

The motions were ultimately dismissed for Plaintiff's lack of comprehension of the local rules. ECF No. 158.

**ARGUMENT**

**I. Defendants Bear the Burden. They Cannot Meet It.**

Section 1915(e)(2)(A) requires proof that "the allegation of poverty is untrue." Dismissal with prejudice requires intentional fraud. *Thomas*, 288 F.3d at 306.

Where is Defendants' evidence of fraud? Not in the November 19 interrogatories—Plaintiff gave them everything, under oath. Not in the January 13 deposition—Plaintiff testified openly. Not in the SNAP notice—Plaintiff wasn't even receiving benefits when he filed both times.

Defendants have an inadvertent omission, that Plaintiff reasonably believed he corrected when he filed his supplemental motion. That is not fraud, nor intentional.

**II. The IFP Form**

The form asked: "State your total monthly wages or salary?" Plaintiff answered: $1,350—unemployment compensation. He disclosed $52,000 in wages from the very company now accusing him of fraud. That is not concealment.

Plaintiff also stated:

"I have experienced severe financial hardships due to the loss of employment which has resulted in the inability to sustain basic living necessities. The loss of income has directly impacted my quality of life, resulting in undue distress and financial ruin."

That is not the language of fraud. That is the language of a man telling the truth.

Plaintiff concedes SNAP benefits were not listed. The IFP form never asked: "What benefits might you apply for in four months?". Thus, transparency and inadvertence by definition of law is not fraud nor intent to conceal.

**III. Defendants Had Proof of Plaintiff's Poverty in August 2025**

**On August 18, 2025**—Plaintiff served Initial Disclosures, documenting damages (Exhibit A1)

They had proof he was evicted (Exhibit A3), proof his car was repossessed (Exhibit A2). They had proof he was homeless. They had proof his termination caused severe depression and

suicidal ideation. Now six months later, they ask this Court to find fraud based on one inadvertent omitted benefit, while conceding Plaintiff might have qualified for IFP anyway.

**IV. Transparency Does Not Equal Concealment**

The cases the Defendants use the lead the charge for their motions hold no bearing here.

In *Kennedy*, the plaintiff created a hidden trust. 831 F.3d at 443. In *Thomas*, he concealed a $73,714 distribution. 288 F.3d at 306. In *Mathis*, he hid $14,000 in equity and explained only after being caught. 133 F.3d at 547.

Here, Plaintiff came forward voluntarily, under oath, repeatedly. Defendants discovered nothing; nor needed any court intervention. *Kennedy* also got appointed counsel, Plaintiff did not.

**V. This District's Precedent Compels Denial**

Dismissal with prejudice is reserved for the most egregious misconduct: perjury, concealment of evidence, and systemic fraud. Plaintiff's conduct does not approach that threshold.

He told the truth on his IFP form based on his understanding at the time of filing, he told the truth in his interrogatories, and at his deposition. Plaintiff did not conceal or falsify anything. He complied—voluntarily, months before this motion was filed.

**Now opposing counsel? That's another story.**

In *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010), the court affirmed this District's refusal to grant Rule 60(b) relief, holding that the movant "has not come close to showing by clear and convincing evidence" that the conduct "was fraudulent in nature." The court emphasized that "the court reasonably drew a line between an apparent discovery violation and fraud."

In *Littler v. Martinez*, No. 2:16-cv-00472-JMS-DLP (S.D. Ind.), Chief Judge Magnus-Stinson imposed default judgment against IDOC defendants after discovering a "litany of false evidence." The court found "gross misconduct."

If default judgment in *Littler* required perjury and concealment by attorneys, mere inadvertence by a pro se plaintiff cannot justify dismissal here. Plaintiff disclosed; he did not conceal.

Defendants cannot and have not met the "clear and convincing evidence" standard required to even bring this motion before this court.

**VI. Defendants Cannot Have It Both Ways**

Throughout this litigation, Defendants have repeatedly attacked Plaintiff's comprehension and "interpretations" of what he read:

| **Date** | **ECF** | **Characterization** |
|---|---|---|
| June 20, 2025 | 51 | "inconsistent with legal standards and Rules" |
| June 24, 2025 | 57 | "misunderstanding of the law and Rules of Evidence" |
| June 24, 2025 | 58 | "his erroneous view" |
| July 14, 2025 | 68 | "based on faulty premises and his own perceptions" |
| Sept. 2, 2025 | 99 | "incorrectly relying upon language from the Northern District" |

| Date | ECF | Characterization |
|---|---|---|
| Sept. 8, 2025 | 106 | "erroneous, self-serving interpretations" |
| Sept. 11, 2025 | 111 | "incorrect citation to a different jurisdiction's local rules" |

**That proudly wielded this sword.**

Now, in their February 27, 2026, motion, they argue his omission "could not have been based on a misunderstanding or confu.sion." Defendants' Mot. at 4.

**This is now their shield**.

Judicial estoppel prohibits parties from "playing fast and loose with the courts." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001).

Over nine months, Defendants told this Court Plaintiff is confused and incapable. They cannot now argue the same pro se litigant who made an inadvertent omission prior to them filing their appearance, was not confused nor misunderstood a legal document.

Their own words and the record have already made that choice.

**VII. This Court Rulings**

When Plaintiff's motions were denied, this Court did not find bad faith. It found procedural deficiencies—a pro se litigant's lack of legal training, misunderstanding of rules, and inability to navigate complex procedure. Not once has this Court found bad faith. Not once has this Court found fraud. Not once has this Court found deliberate deception.

Defendants now ask this Court to disregard its own prior findings—and their own sworn characterization of Plaintiff—and retroactively label the same conduct fraud. Their motive is clear: access to Plaintiff's private financial information, or a favorable outcome. Either way, Defendants cannot be permitted to file frivolous motions for ulterior purposes. They have to use the proper avenues for what they really want. (Exhibit G)

**VIII. Defendants' Conduct Warrants Sanctions**

Under *Lake v. Gates*, 2025 U.S. App. LEXIS 6015 (9th Cir. Mar. 14, 2025), Rule 11 employs an objective standard. Attorneys who make "false, misleading, and unsupported factual assertions" without "a reasonable pre-filing inquiry" are subject to sanctions. The SNAP assertion is objectively sanctionable.

Under *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006), "objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently."

Under *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009), 28 U.S.C. § 1927 sanctions apply when an attorney's conduct "fall[s] short of the obligations owed by a member of the bar to the court" and requires "something less than subjective bad faith, but something more than negligence or incompetence."

Filing a motion containing a factually impossible accusation—without any pre-filing verification—meets this standard.

**CONCLUSION AND REQUEST FOR RELIEF**

Defendants want this case dead. They do not care how. They have not proven fraud. They have not proven intent. They have not proven Plaintiff's poverty allegation was untrue.(Exhibit A1) What they have proven is their willingness to end this case by any means necessary.

They used their legal knowledge to attempt to circumvent a scheduling order that expired six months ago. They weaponized information Plaintiff voluntarily gave them. They filed this motion alongside a summary judgment notice, a one-two punch using sheer volume to prejudice Plaintiff.

The SNAP accusation is impossible, yet they made it under Rule 11. (Exhibit B)

They sat on Plaintiff's voluntarily provided financial information for months—from November 2025 through January 2026—and said nothing. They had his initial disclosures proving damages: medical records documenting treatment before and after termination, eviction filings, car repossession documents—yet they file this motion.

Ironically, they spent this entire litigation calling Plaintiff confused, misunderstanding, prone to error, relentlessly attacking his comprehension of what he read. Now they have the audacity to assert to this court that plaintiff’s filing that pre-dates any of their prior characterizations, was filed with a complete understanding and no confusion.

Defendants are not seeking justice. They are seeking escape—from discovery, from accountability, from the merits of this case. The motion should be denied. Counsel should be ordered to show cause why they should not be sanctioned for filing this motion without evidentiary support, in violation of Rule 11(b)(3) and 28 U.S.C. § 1927.

In the alternative, Plaintiff requests leave to cure by paying the $405 filing fee—the same fee he would have paid at the outset had IFP not been granted. Defendants' motion is therefore moot, and their IFP argument is immaterial.

**Respectfully submitted,**

/s/ Jesse Holloway
Pro Se Plaintiff
9430 Tower Lane
Indianapolis, IN 46235
(725)-995-0519
ariesjackson702@icloud.com

Dated: March 04, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March, 2026, a true and correct copy of the foregoing was served via the Court's electronic filing system on all counsel of record:

R. Evan Jarrold

Rayner Mangum

Constangy, Brooks, Smith & Prophete, LLP

Email: ejarrold@constangy.com

Email: rmangum@constangy.com

*Counsel for Defendants Ryder Integrated Logistics, Inc.*

*and Rockwell Automation, Inc.*

/s/ Jesse Holloway

Jesse Holloway, Pro Se Plaintiff