**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

JESSE HOLLOWAY,
Plaintiff,
v.

Case No. 1:25-cv-00678-RLY-MG

RYDER INTEGRATED LOGISTICS, INC.,
and ROCKWELL AUTOMATION, INC.,
Defendants.

# PLAINTIFF'S EXHIBIT LIST

*In Support of Opposition to Defendants' Motion to Dismiss*

| Exhibit | Description | Date | Bates/ECF |
|---|---|---|---|
| **A1** | Plaintiff's Initial Disclosures – Damages Documentation (Confidential: Medical records relating to cancer/lymphoma treatment, ADA/FMLA leave approvals, physician assessments, and housing/eviction records evidencing financial damages) | August 18, 2025 | HOLLOWAY_000348–000367 |
| **A2** | Car Loan Account Statement showing $5,320.86 past due and repossession status | 2025 | HOLLOWAY_000358 |
| **A3** | Eviction Court Record – ELON Property Management Co. v. Holloway, Case No. 49K06-2505-EV-001419, Warren Township Court | May 28, 2025 | HOLLOWAY_000359 |
| **B** | Indiana FSSA Eligibility Notice for SNAP – Showing application date of August 21, 2025, approval effective August 2025, and first benefit of $298.00 issued October 2025 | October 10, 2025 | — |
| **C** | Email from Defense Counsel R. Evan Jarrold acknowledging Plaintiff's IFP status: "the Court still has to rule on the IFP motion and, assuming it is granted, screen the complaint..." | October 13, 2025 | — |
| **D** | Notice of Supplemental Information Regarding Plaintiff's IFP Application – Plaintiff's voluntary disclosure of Social Security benefits ($1,800/month) filed in Case No. 1:25-CV-2063-JPH-MJD | October 15, 2025 | |
| **E** | Plaintiff's Meet-and-Confer Letter to Defense Counsel regarding discovery deficiencies – identifying noncompliant privilege logs, improper | January 19, 2026 | — |

| | | | |
|---|---|---|---|
| | withholding under Rule 34(b)(2)(C), and evasive responses | | |
| **F** | Defense Counsel's Deficiency Letter – Demanding financial records and stating information is "directly relevant to you in forma pauperis status" (sent after discovery closed January 14, 2026) | January 21, 2026 | — |
| **G** | Plaintiff's Response to Defense Counsel's Deficiency Letter – Objecting to post-deadline discovery demands and noting discovery closed January 14, 2026 | January 27, 2026 | — |

Respectfully submitted,

/s/ Jesse Holloway
Jesse Holloway
Pro Se Plaintiff
9430 Tower Lane
Indianapolis, IN 46235
(725)-995-0519
ariesjackson702@icloud.com

Dated: March 04, 2026

# EXHIBIT A

**HOLLOWAY_000348 – HOLLOWAY_000367**

These exhibits contain some highly sensitive personal information of Plaintiff, including:

- Medical records relating to cancer/lymphoma treatment, ADA/FMLA leave approvals, and physician assessments; and
- Housing/eviction records evidencing financial damages.

**Redactions**

- Medical Exhibits: References to Plaintiff's HIV status and unrelated patient identifiers have been redacted in compliance with HIPAA and Fed. R. Civ. P. 5.2.
- Eviction Record: Non-party names have been redacted under FRCP 5.2 to protect third-party privacy.

**Use Limitation**

These records are produced solely for purposes of litigation in *Holloway v. Ryder Integrated Logistics, Inc. & Rockwell Automation, Inc.*, Case No. 1:25-cv-00678-RLY-MG (S.D. Ind.). They shall not be disclosed, referenced, or filed publicly except as authorized by the Court.

**Exhibit References – Exhibit J**

- **J-1** – Confidential Physician Report – November 14, 2023 (Pre-Termination)
  → HOLLOWAY_000348–000352
- **J-2** – Confidential Physician Report – December 11, 2024 (Week Before Termination)
  → HOLLOWAY_000353–000357
- **J-4** – Eviction Court Record – May 28, 2025 (Redacted Non-Party)
  → Within sequence at HOLLOWAY_000359
- **J-5** – Confidential Physician Report – June 16, 2025 (Post-Termination)
  → HOLLOWAY_000360–000367

**Designated Confidential – Subject to Protective Order**

JESSE
Ariesja

ry

tory

ne

$5,221.86
Past Due Amount

$99.00
Fees Due

$5,320.86 due Today
Total Past Due Amount *(Includes Past Due Amount and Fees)*

Note: Past Due Amounts are subject to be updated daily, to confirm past due amounts please contact Customer Service

Make Online Payment

Other payment options

$0.00 on N/A
Next Payment Due




**Please Note:** E-Statements are always available to you under the My Docs tab

| | |
|---|---|
| **Length of Loan** | 73 Months |
| **End of Loan Date** | 09/28/2028 |
| **Scheduled Payment** | $870.31 |
| **Principal Balance*** **Not a payoff amount* | $0.00 |

Get Payoff Quote

## Profile & Employment

### Profile Info

| | |
|---|---|
| **Mailing Address** | 11215 Willowmette Ln INDIANAPOLIS, IN 46235 |
| **Mobile** | (765) 240-3118 |

Update Profile Info

### Employment Info

| | |
|---|---|
| **Employer Name** | FULL BEAUTY |
| **Job Title** | OPERATIONS SUPERVISOR |
| **Employment Status** | N/A |

Update Employmen

ACA Digital Assistant

Eviction case? Apply for rent assistance and learn about settling your case

# Case Summary

« Back | New Search | Refine Search

## ELON Property Management Co. as m/a for Willowood East Apartments v. [redacted], Any and All Occupants

| | |
|---|---|
| Case Number | 49K06-2505-EV-001419 |
| Court | Warren Township |
| Type | EV - Evictions (Small Claims Docket) |
| Filed | 05/28/2025 |
| Status | 05/28/2025 , Pending (active) |

Is this your case?

## Parties to the Case

Hide all party details

**Defendant** [redacted]
Address: 11215 Willowmette Lane, Indianapolis, IN 46235

**Defendant** Occupants, Any and All
Address: 11215 Willowmette Lane, Indianapolis, IN 46235

**Plaintiff** ELON Property Management Co. as m/a for Willowood East Apartments
Address: c/o Landman Beattty Lawyers, 9100 Keystone Crossing, Suite 870, Indianapolis, IN 46240
Attorney: Amy Sexton
*#3222929, Retained*
9100 Keystone Crossing Suite 870
P.O. Box 40960
Indianapolis, IN 46240
317-236-1040(W)

## Chronological Case Summary

05/28/2025 **Case Opened as a New Filing**

05/29/2025 **Appearance Filed**
Appearance for Plaintiff in Civil Proceeding
For Party: ELON Property Management Co. as m/a for Willowood East Apartments
File Stamp: 05/28/2025

05/29/2025 **Notice of Claim Filed - Eviction**
Notice of Claim for Possession of Real Estate and Summons
Filed By: ELON Property Management Co. as m/a for Willowood East Apartments
File Stamp: 05/28/2025

05/29/2025 **Hearing Scheduling Activity**
Eviction Hearing scheduled for 06/17/2025 at 8:30 AM.

05/30/2025 **Automated Paper Notice Issued to Parties**
Notice of Claim Filed - Eviction ---- 5/29/2025 : [redacted]r;Any and All Occupants

05/30/2025 **Automated ENotice Issued to Parties**
Notice of Claim Filed - Eviction ---- 5/29/2025 : Amy Sexton

06/09/2025 **Service Returned Served**
SOD 6/7/25

06/17/2025 **Eviction Hearing**
Session: 06/17/2025 8:30 AM, Judicial Officer: Graves, Garland E
Result: Commenced and concluded

06/17/2025 **Witness and/or Exhibit List Filed**
Current Ledger
Filed By: ELON Property Management Co. as m/a for Willowood East Apartments
File Stamp: 06/16/2025

06/17/2025 **Order Issued**
That the Defendant is required to pay $3869.00 on or before 7/10/2025, and the Plaintiff may accept without waiver. If the Defendant fails to pay $3869.00 on or before 7/10/2025, the Plaintiff may request possession of real estate. The Plaintiff may accept other rental payments from the Defendant or other sources without waiver. The Court schedules this cause of action for a 41(E) hearing on September 8,2025 at 1:00 P.M.
Judicial Officer: Graves, Garland E
Order Signed: 06/17/2025

06/17/2025 **Hearing Scheduling Activity**
Hearing on Motion for 41(E) Dismissal scheduled for 09/08/2025 at 1:00 PM.

06/17/2025 **Eviction Diversion Advisement Given**
Div given Pln declined
File Stamp: 06/17/2025

06/18/2025 **Automated Paper Notice Issued to Parties**
Order Issued ---- 6/17/2025 : Any and All Occupants

06/18/2025 **Automated ENotice Issued to Parties**
Order Issued ---- 6/17/2025 : Amy Sexton;[redacted]

09/08/2025 **Hearing on Motion for 41(E) Dismissal**
Session: 09/08/2025 1:00 PM, Judicial Officer: Graves, Garland E

## Financial Information

Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**ELON Property Management Co. as m/a for Willowood East Apartments**
Plaintiff

Balance Due (as of 08/16/2025)
**0.00**

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 104.00 | 0.00 | 104.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 05/29/2025 | Transaction Assessment | 104.00 |
| 05/29/2025 | Electronic Payment | (104.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

« Back | New Search | Refine Search

Subscribe to content by RSS or Email
Follow us on Twitter
Indiana Courts YouTube Channel
Get our shared photos on Flickr

Terms of Use

Odyssey Public Access (the "MyCase" website) is a platform for online services provided by the Office of Judicial Administration (the "Office").

Electronic access to court information is restricted by federal and state law in addition to court rules and orders. Information on this site is made available as a public service pursuant to order of the Indiana Supreme Court.

Information displayed on this site is not to be considered or used as an official court record and may contain errors or omissions. Accuracy of the information is not warranted. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

Read the complete Terms of Use »

# EXHIBIT B

## Eligibility Notice for SNAP

Indiana Family and Social Services Administration
PO Box 1810
Marion, IN 46952
Phone: 1-800-403-0864
Fax: 1-888-436-9199

Payee Name : Jesse D Holloway

Case Number

AG Number :

Program : SNAP

Mailing Date : OCTOBER 10, 2025

Jesse D Holloway

**IMPORTANT NOTICE ABOUT YOUR BENEFITS**

Dear Jesse D Holloway,

Your application for SNAP dated AUGUST 21, 2025 has been approved.

You are certified for the SNAP program from AUGUST 2025 through JULY 2026.

Because you applied after the 15th of the month Federal regulations require that you receive SNAP benefits for the month of application and the following month at the same time. You will receive the following benefits for these months:

| Month(s) | Amount |
|---|---|
| OCTOBER 2025 | $298.00 |

You will not receive benefits for OCTOBER 2025 and the following months until your assigned SNAP issuance day.

Your issuance day is based on the first letter of your last name according to the following schedule, starting with the fifth day of the month. Day 5 (A, B), Day 7 (C, D), Day 9 (E, F, G), Day 11 (H, I), Day 13 (J, K, L), Day 15 (M, N), Day 17 (O, P, Q, R), Day 19 (S), Day 21 (T, U, V), Day 23 (W, X, Y, Z).

Your regular monthly benefit will be $298.00 beginning NOVEMBER 2025 and for each subsequent month.

So that we can find out if your household can continue receiving SNAP, we will send a form to you in the 5th month of your certification period. This form is called a SNAP Interim Contact Form. You will need to complete the questions on the form and provide proof of any changes. The form must be signed, dated and returned by the due date noted. The information given will determine if you will continue to receive SNAP. If you do not return the completed form and/or do not send proof of changes, your SNAP benefits will end.

For SNAP, you are required to report when your household's gross monthly income is more than the amount listed below for any calendar month. This change must be reported by the 10th of the month following the change.

Income Limit $1696.00. (You must report if your monthly gross income is more than this amount.)

For SNAP, you are also required to report when you receive substantial lottery or gambling winnings. Substantial winnings would be equal to or greater than $4500 before taxes or other amounts are withheld. These winnings must be reported within ten (10) days of the end of the month in which the winnings were received.

You will need a Hoosier Works card to spend your SNAP benefits. If you have received SNAP benefits before in Indiana under your name, you should already have a Hoosier Works card. If you no longer have a card, you must contact customer service at 1-877-768-5098 to ask for a replacement card. If you have not received SNAP benefits before in Indiana under your name, you will receive a Hoosier Works card in the mail within five (5) days after the date of this notice.

EXHIBIT B

# EXHIBIT C

**From:** **Jarrold, Evan** e
**Subject:** RE: Holloway v. Ryder Integrated Logistics, Inc., et al. — Case No. 1:25-cv-02063-JPH-MJD — Notice Regarding Service and Waiver Request (Filed 10/10/25) [IMAN-WORKSITE.FID3496838]
**Date:** October 13, 2025 at 10:33 AM
**To:** Jesse Holloway m, Mangum, Rayner

EJ

Mr. Holloway, unless I'm missing something, the Court still has to rule on the IFP motion and, assuming it is granted, screen the complaint as it has done in the other lawsuit. If any claims survive the Court's screening, only then would a summons issue such that service could made under Federal Rules. Let's touch base about service if/when we get to that point.
Thanks, Evan

**EVAN JARROLD**

**Partner**
**Constangy, Brooks, Smith & Prophete, LLP**

**t:**
**e:**
**f:** 1
View Bio/VCard

**Kansas City Office**
1201 Walnut Street
Suite 2350
Kansas City, MO 64106

**From:** Jesse Holloway >
**Sent:** Friday, October 10, 2025 3:56 PM
**To:** Jarrold, Evan < >; Mangum, Rayner
<
**Subject:** Holloway v. Ryder Integrated Logistics, Inc., et al. — Case No. 1:25-cv-02063-JPH-MJD — Notice Regarding Service and Waiver Request (Filed 10/10/25)

Counsel,

Please find attached a copy of the *Notice Regarding Service and Waiver Request* I filed today with the U.S. District Court for the Southern District of Indiana in Case No. 1:25-cv-02063-JPH-MJD.

The filing was submitted to formally advise the Court that I transmitted the Complaint, Notice of Lawsuit and Request to Waive Service, and Exhibits A–F to your firm on October 10, 2025. My intent in doing so is to expedite the service process and conserve judicial resources by seeking your firm's stipulation to accept service electronically and/or execute the Rule 4(d) waivers on behalf of all named defendants.

Thanks

Jesse D Holloway

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSE HOLLOWAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:25-CV-2063-JPH-MJD |
| RYDER INTEGRATED LOGISTICS, INC., | ) | |
| ROCKWELL AUTOMATION, INC., | ) | |
| STEPHEN TOMS | ) | |
| MARIA RUIZ | ) | |
| and TIMOTHY O'BRIEN | ) | |
| Defendants. | ) | |

**NOTICE OF SUPPLEMENTAL INFORMATION REGARDING PLAINTIFF'S IFP APPLICATION**

COMES NOW Plaintiff, Jesse Holloway, and respectfully submits this Notice to supplement his previously filed Application to Proceed In Forma Pauperis. This filing is made voluntarily and in good faith to ensure the Court has a complete and accurate understanding of his financial circumstances. Plaintiff, being unsophisticated in such matters, did not initially consider whether a single monthly government benefit truly constituted "income" in the same way a wage does. He therefore inadvertently omitted his monthly Social Security benefit of approximately $1,800 from the original application. It was later brought to his attention that this amount should have been reported, and he now files this notice promptly to correct the record.

Plaintiff's financial situation remains one of indigency. His limited income is fully allocated to essential monthly expenses, including:

- $600 for room and board following his eviction;
- Round Trip transportation (Uber/Lyft) to therapy, medical appointments, and perspective job interviews; and
- Basic necessities, such as food, personal hygiene products, and phone service.

EXHIBIT D

After these necessities, Plaintiff has little to no disposable income and remains unable to pay the filing fee. He is likewise unable to retain counsel, including those on a contingency basis, as he has been unable to secure representation willing to bear the burden and expense of litigating this matter.

**Respectfully submitted,**

/s/ Jesse Holloway
Pro Se Plaintiff
9430 Tower Lane
Indianapolis, IN 46235
(725)-306-2115
ariesjackson702@icloud.com
Dated: October 15, 2025

# EXHIBIT E

**From:**
**Subject:** RE: Case No. 1:25-cv-00678-RLY-MG – Plaintiff's Meet-and-Confer Letter Regarding Discovery Deficiencies
**Date:** January 19, 2026 at 10:38 AM
**To:** Evan Jarrold e
**Cc:** Rayner Mangum om
**Bcc:** m

A

---

Evan,

I am writing to meet and confer in good faith under Fed. R. Civ. P. 37 regarding discovery deficiencies in both Defendants' productions. Your privilege logs and written responses do not comply with the Federal Rules. I prefer to resolve this without court involvement, but if need be I will bring this matter to the courts attention if these deficiencies are not attended to

I. Privilege logs (Rule 26(b)(5))

1. You grouped emails together instead of listing them one by one.Both logs list "email series" over multiple days. Rockwell also lumps "Ms. Orton's investigation report" across multiple dates. Ryder includes a broad "working files of counsel" category. Rule 26(b)(5) requires a description of withheld material sufficient to allow me to assess the privilege claim. Grouping multiple emails and materials together prevents that.
I need amended logs that list each withheld email/communication separately and list each attachment and each draft separately.

2. The descriptions you guys provided are too vague to assess privilege. Many entries are described only as "seeking/providing legal advice." That alone does not allow me to determine whether the item is legal advice (potentially privileged) or routine business/HR communications and factual material (discoverable).
Can you provide me plain descriptions sufficient to evaluate privilege without revealing the privileged substance (e.g., "Email forwarding witness statement and requesting legal advice about potential liability").

3. You list "custodians" but not who actually sent and received the communications.Without the author and all recipients (including CC/BCC), I cannot assess confidentiality, waiver, or whether non-legal third parties were included. Thus, for each entry, can you identify the author/originator and all recipients?

4. Finally, the logs indicate communications involving both Ryder and Rockwell personnel. If you are asserting privilege over communications distributed across two companies, you must identify whether you are asserting any common-interest basis and provide sufficient information to assess it. Can you identify which entries involve both companies, whether common-interest is claimed, when it was initiated and the basis for maintaining that privilege.

II. RFP Responses (Rule 34(b)(2))

1. For many requests, you assert objections but do not clearly state whether you are withholding responsive documents based on those objections. Rule 34(b)(2)(C) requires you to state whether responsive materials are being withheld on the basis of an objection. So for each request and each objection, I'm asking you to state whether you are withholding documents and describe the general categories being withheld.

2. By labeling something "investigation" does not automatically make it privileged. Factual records, HR notes, policies, and business communications are not privileged merely because a lawyer reviewed them. The attachments if any must be evaluated and logged separately. Can you produce all non-privileged investigation materials if you haven't already . If something is truly privileged, it needs to be logged properly and redact only privileged portions where feasible.

3. Your responses also indicate that you are delaying some production based on a pending protective order. Withholding non-privileged responsive documents solely pending entry of a protective order is not a privilege basis. Can you produce the non-privileged documents now, subject to reasonable confidentiality designations if needed.

EXHIBIT E

privileged documents now, subject to reasonable confidentiality designations if needed.

I'm requesting the following within the next 14 days:

1. Amended, compliant privilege logs from both Rockwell and Ryder (each document listed separately, with author, recipients, date/time, document type, adequate description, and privilege basis; attachments/drafts logged separately).
2. Supplemental RFP responses that comply with Rule 34(b)(2)(C) and clearly state what is being withheld.
3. Production of all non-privileged documents that have been improperly withheld, including any documents you are delaying.

If these issues are not cured by the deadline, I will file a motion to compel and request in camera review where appropriate to establish if there is any non-production of non-privileged materials.

Respectfully,

Jesse Holloway

# EXHIBIT F

CONSTANGY
Brooks Smith & Prophete

1201 Walnut Street, Suite 2350
Kansas City, MO 64106
Main: 816.472.6400
constangy.com

January 21, 2026

**<u>VIA EMAIL (                    )</u>**
Jesse Holloway

5

**Re:** ***Jesse Holloway v. Ryder Integrated Logistics, Inc., et al.***
**Case No. 1:25-cv-00678-RLY-MG**

Mr. Holloway:

Please let this letter serve as our attempt to amicably resolve some of the deficiencies we noted in reviewing your discovery responses. Specific issues are set out below. Please provide complete answers to the following:

- **<u>Interrogatory No. 2:</u>** This interrogatory requests your work history, including the circumstances under which your employment ended with prior employers, as well as a request for you to provide an executed authorization for each employer identified. Your response provided only vague statements such as "employment ended at employers' decision" which is not sufficient to describe the circumstances under which your employment ended. You further failed to provide the requested authorizations for each of the employers listed. Ryder is entitled to explore your work history (including through requests for authorizations) in discovery, as this information is directly relevant to your claim for lost wages and your wage mitigation capabilities. It may also be relevant to impeachment evidence. *See, e.g.*, *Darden v. AT&T Corp.*, No. 4:14CV1198 RLW, 2015 WL 4993986, at *2 (E.D. Mo. Aug. 19, 2015) ("[B]ecause Plaintiff has alleged the loss of past and future earnings, information regarding her employment history is relevant to her claims"). Please supplement your response to provide the requested information and authorizations.

- **<u>Interrogatory No. 10:</u>** This interrogatory requests information pertaining to treatment you have received for any claimed damages for physical or emotional injuries, as well as a request that you execute an authorization for each health-care provider, psychologist, psychiatrist, counsel, or therapist you identified in your response. You refused to execute the release and stated that you would instead provide only records that you have "collected." This response is insufficient. The request is appropriately limited to seeking information pertaining to treatment you received which is part of your claimed damages in this lawsuit. Further, the issue of the damages you are claiming in this lawsuit (including with respect to your claim for emotional distress damages) is a topic that Ryder is entitled

EXHIBIT F1

to explore in discovery, including by seeking an authorization for the release of these records. *E.g., Hine v. Extremity Imaging Partners, Inc.,* 2010 WL 3720197, at *1 (S.D. Ind. Sept. 8, 2010) ("While Plaintiff's medical records are privileged as Plaintiff contends, Plaintiff has waived that privilege by putting her medical condition at issue in this litigation. Contrary to Plaintiff's contention, the Court finds her medical records are relevant to her emotional distress-related claims, and the releases are not overbroad."). Please supplement your response to provide the requested information and authorizations.

- **Interrogatory No. 11:** This interrogatory requests information pertaining to treatment you have received for any condition/serious health condition upon which you based your claims under the ADA, as well as a request that you execute an authorization for each health care provider that you identified in your response. You failed to execute the authorizations as requested and stated that you would not execute the authorizations "absent entry of a" Protective Order. The Protective Order has now been entered by the Court. Accordingly, we ask that you execute and return the requested authorizations.[1]

- **Request for Production No. 2:** This request seeks documents pertaining to the damages you allege you have incurred in connection with the claims and damages you have asserted in this lawsuit. You objected to providing the requested information on several grounds, including that the request purportedly was overbroad and not proportional to the needs of the case and that the request seeks your private medical information, including psychotherapy or counseling notes. These objections are unfounded. The request is limited to seeking documents pertaining to the damages you allege you have incurred in this case, and Ryder is entitled to explore your claim for damages. Further, by asserting ADA-related claims as well as a claim for emotional distress damages, you have waived any privilege that might otherwise be associated with medical or psychotherapy records by putting these conditions and claimed damages at issue in this litigation. *See, e.g., Hine v. Extremity Imaging Partners, Inc.,* 2010 WL 3720197, at *1 (S.D. Ind. Sept. 8, 2010) ("While Plaintiff's medical records are privileged as Plaintiff contends, Plaintiff has waived that privilege by putting her medical condition at issue in this litigation. Contrary to Plaintiff's contention, the Court finds her medical records are relevant to her emotional distress-related claims, and the releases are not overbroad."). Thus, the requested information is directly relevant, proportional to the needs of the case, and must be provided.

- **Request for Production No. 5:** This request seeks all documents that reflect amounts contained in any bank, investment, retirement, or other financial account since January 1, 2025. You refused to provide the requested information, claiming that you were not seeking damages "measured by personal account balances." This request is directly relevant to your in forma pauperis status in this case and could further be relevant to impeachment evidence. Thus, the requested information is relevant and must be provided. Please supplement your response.

[1] Our response applies with equal force to your failure to provide the authorizations requested in Request for Production No. 6.

- **<u>Request for Production No. 11:</u>** This request seeks documents (including applications and resumes) you submitted to any prospective employer from January 1, 2022 through the present. In your response, you referenced only a general log of your applications, which is not what was requested. This request is directly relevant to your mitigation efforts, which Ryder is entitled to explore. Please supplement your response to provide the requested information.

- **<u>Request for Production No. 29:</u>** This request seeks authorizations for the release of your employment records, medical records, income tax records, and Social Security records. You objected and refused to execute the authorizations on the grounds that Rule 34 purportedly does not require a party to sign a third-party release or authorization and that the requested authorizations are overbroad and seek sensitive information. These objections are unfounded. Courts routinely uphold discovery requests seeking authorizations for the release of records where, as here, the records are directly relevant to issues in the case. *See, e.g., Hine v. Extremity Imaging Partners, Inc.,* 2010 WL 3720197, at *1 (S.D. Ind. Sept. 8, 2010) ("While Plaintiff's medical records are privileged as Plaintiff contends, Plaintiff has waived that privilege by putting her medical condition at issue in this litigation. Contrary to Plaintiff's contention, the Court finds her medical records are relevant to her emotional distress-related claims, and the releases are not overbroad."). Please supplement your response to provide the requested authorizations.

We would like to avoid involving the Court if possible. Accordingly, please respond to the foregoing issues on or before January 28, 2026.

Sincerely,

Rayner Mangum

EXHIBIT F3

# EXHIBIT G

**From:** **Jesse Holloway** om
**Subject:** Re: Case No. 1:25-cv-00678-RLY-MG – Plaintiff's Meet-and-Confer Letter Regarding Discovery Deficiencies
**Date:** January 27, 2026 at 2:09 PM
**To:** Rayner Mangum om
**Cc:** Evan Jarrold m

Counsel,

Your January 21 deficiency letter is procedurally improper and meritless. Fact discovery closed on January 14, 2026. You received Plaintiff's written discovery responses in November 2025.

TWO UNDISPUTED FACTS:

1. You had over two months during the discovery period to raise any purported deficiencies.
2. On January 19, 2026, Plaintiff detailed your own outstanding discovery failures—including noncompliant privilege logs and improper withholding—and requested cure under Rule 37.

A post-deadline letter does not create new obligations. Any relief beyond Rule 26(e) supplementation must be sought by motion.

Plaintiff's final positions are as follows:

1. Medical Authorizations (Interrogatories 10–11; RFPs 2 & 29).
   Plaintiff has produced relevant medical records in his possession. Now that a Protective Order is entered, Plaintiff will provide narrow, provider-specific authorizations limited to: (a) the ADA/FMLA conditions at issue; (b) a reasonable, claim-tethered time period; and (c) expressly excluding psychotherapy notes. No blanket authorizations will be signed.
2. Private Financial Information (RFP 5). OBJECTION SUSTAINED.
   Plaintiff will not provide account access, releases, or blanket "account amounts." This demand is irrelevant and disproportionate. If you contend a specific banking record is needed to test a specific damages figure, identify the exact transaction and date range. Plaintiff will then evaluate a limited, redacted production.
3. Employment & Mitigation Materials (Interrogatory 2; RFP 11).
   Plaintiff has provided his work history and produced mitigation/job-search materials in his possession. He will not sign blanket employment releases. Defendants may use subpoenas for discrete third-party records. Plaintiff is not required to create documents he does not possess.
4. Blanket Authorizations (RFP 29).
   Rule 34 governs documents in a party's control; it does not compel a party to sign open-ended releases. This objection is maintained.

Plaintiff will supplement with medical records from follow-up visits and employment applications as required under Rule 26(e). No other supplementation is warranted.
Respectfully,
Jesse Holloway

> On Jan 21, 2026, at 6:56 PM, Mangum, Rayner <rmangum@constangy.com> wrote:
>
> Hi Mr. Holloway,
>
> Attached please find a letter regarding deficiencies in your discovery responses. If you have any questions, we can discuss them when we meet to go over discovery issues.
>
> For the conferral meeting, both Evan and I are available on Monday, January 26th at 12:00pm CT. If that time works for you, I will be happy to circulate an invite.
>
> Thank you,
>
> **RAYNER MANGUM**
>
> **Senior Counsel** **t:**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

JESSE HOLLOWAY,
Plaintiff,
v.
Case No. 1:25-cv-00678-RLY-MG

RYDER INTEGRATED LOGISTICS, INC.,
and ROCKWELL AUTOMATION, INC.,
Defendants.

**DECLARATION OF JESSE HOLLOWAY IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

I, Jesse Holloway, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

**1.** I am the Plaintiff in this action. I am over the age of eighteen (18) and am competent to testify to the matters set forth herein. I make this declaration based on my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

**2.** I submit this Declaration in support of my Opposition to Defendants' Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e)(2)(A), and to authenticate and lay foundation for the exhibits attached thereto.

**AUTHENTICATION OF EXHIBITS**

**3.** **Exhibit A1** is a true and correct copy of an excerpt from my Initial Disclosures served on Defendants on August 18, 2025. This exhibit contains confidential medical records relating to my cancer/lymphoma treatment, ADA/FMLA leave approvals, physician assessments, and housing/eviction records evidencing financial damages. I personally collected these records from my healthcare providers and from court records. The documents accurately reflect my medical history and financial circumstances at the time of filing this lawsuit.

**4.** **Exhibit A2** is a true and correct copy of an account statement from my auto loan servicer showing a past due amount of $5,320.86 and confirming that my vehicle was

repossessed. I obtained this document by accessing my online account portal. This document accurately reflects the status of my auto loan following the loss of my employment with Ryder.

**5.** **Exhibit A3** is a true and correct copy of the case summary, Case No. 49K06-2505-EV-001419, Warren Township Court, obtained from Indiana's MyCase public records system. This eviction case was filed on May 28, 2025, approximately five months after my termination from Ryder on December 18, 2024. The document accurately reflects my eviction proceedings and demonstrates the financial hardship I experienced.

**6.** **Exhibit B** is a true and correct copy of my Eligibility Notice for SNAP from the Indiana Family and Social Services Administration, dated October 10, 2025. I received this notice at my address following my application for SNAP benefits. This document establishes that: (a) I applied for SNAP on August 21, 2025—more than four months *after* I filed my IFP application in April 2025; (b) I was approved for SNAP in October 2025; and (c) I did not receive any SNAP benefits until November 2025. This document directly refutes Defendants' assertion that I concealed SNAP benefits on my April 2025 IFP application.

**7.** **Exhibit C** is a true and correct copy of an email I received from Defense Counsel R. Evan Jarrold on October 13, 2025. I received this email at my email address ariesjackson702@icloud.com. In this email, Mr. Jarrold acknowledged my IFP status, writing: "the Court still has to rule on the IFP motion and, assuming it is granted, screen the complaint as it has done in the other lawsuit." At that time—more than four months before filing this motion—Defendants raised no objection to my IFP status.

**8.** **Exhibit D** is a true and correct copy of my Notice of Supplemental Information Regarding Plaintiff's IFP Application, which I filed with this Court in Case No. 1:25-CV-2063-JPH-MJD on October 15, 2025. I filed this notice voluntarily, without any motion or court order compelling me to do so, and without any request from Defendants. This notice disclosed my Social Security disability benefits of approximately $1,800 per month. I filed this notice seven days after receiving Defendants' Interrogatory No. 12, which requested information about my income sources. At that time, I reasonably believed it applied to both cases.

**9.** **Exhibit E** is a true and correct copy of my meet-and-confer email to Defense Counsel dated January 19, 2026. I sent this email from my email address to ejarrold@constangy.com and rmangum@constangy.com. In this email, I identified specific discovery deficiencies in Defendants' productions, including noncompliant privilege logs, improper withholding under Rule 34(b)(2)(C), and evasive responses. These were the same discovery failures I had been raising since October 2025.

**10.** **Exhibit F** is a true and correct copy of a letter from Defense Counsel Rayner Mangum dated January 21, 2026, which I received via email. This letter was sent two days after I served my deficiency notice (Exhibit E) and seven days after the discovery deadline closed on January 14, 2026. In this letter, Defendants demanded my private financial records, asserting for the first time that such information was "directly relevant to [my] in forma pauperis status." Defendants had possessed my sworn interrogatory responses disclosing all income sources since November 19, 2025—more than two months earlier—and had not previously raised any IFP-related concerns.

**11.** **Exhibit G** is a true and correct copy of my email response to Defense Counsel dated January 27, 2026. I sent this email from my email address to rmangum@constangy.com with a copy to ejarrold@constangy.com. In this email, I objected to Defendants' post-deadline discovery demands and noted that fact discovery had closed on January 14, 2026.

## ADDITIONAL FACTS

**12.** On April 7, 2025, I filed my Application to Proceed In Forma Pauperis. On the application, I stated my monthly income was $1,350, which represented my unemployment compensation at that time. I did not list SNAP benefits because I was not receiving SNAP benefits at that time—I had not yet applied for SNAP, had not been approved for SNAP, and would not receive any SNAP benefits until November 2025.

**13.** I concede that I did not list my Social Security disability benefits on my April 2025 IFP application. This omission was inadvertent. As a pro se litigant unfamiliar with legal proceedings, I did not understand at the time that Social Security disability benefits should be reported as "income" in the same manner as wages. When this was later brought to my attention,

I voluntarily filed a Notice of Supplemental Information in my second case on October 15, 2025, to correct the record.

**14.** I did not intentionally conceal any income from the Court. I voluntarily disclosed all sources of income—including unemployment, Social Security disability benefits ($1,800/month), and SNAP benefits ($298/month)—in my sworn interrogatory responses served on November 19, 2025. I provided this information under oath, without any motion to compel, and without any court order requiring me to do so.

**15.** At the time I filed my IFP application, I was unemployed, facing eviction, and my car had been repossessed. I was later evicted and became homeless. My financial circumstances at the time of filing—and continuing to the present—reflect genuine indigency. Even with full and accurate disclosure of all income sources, I believe I would have qualified for IFP status.

**16.** In the alternative, if this Court determines that my IFP status should be revoked, I am prepared to pay the $405 filing fee to cure any deficiency and proceed with this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 4, 2026, in Indianapolis, Indiana.

/s/ Jesse Holloway

Jesse Holloway
Pro Se Plaintiff
9430 Tower Lane
Indianapolis, IN 46235
(725)-995-0519
ariesjackson702@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2026, a true and correct copy of the foregoing was served via the Court's electronic filing system on all counsel of record:

R. Evan Jarrold

Rayner Mangum

Constangy, Brooks, Smith & Prophete, LLP

Email: ejarrold@constangy.com

Email: rmangum@constangy.com

*Counsel for Defendants Ryder Integrated Logistics, Inc.*

*and Rockwell Automation, Inc.*

/s/ Jesse Holloway

Jesse Holloway, Pro Se Plaintiff