**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
05/01/2026
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

JESSE HOLLOWAY, *Plaintiff,*
v.
Case No. 1:25-cv-00678-RLY-MG
RYDER INTEGRATED LOGISTICS, INC., and ROCKWELL AUTOMATION, INC.,
*Defendants.*

**SUPPLEMENTAL DECLARATION OF JESSE HOLLOWAY**

**IN SUPPORT OF REPLY**

I, Jesse Holloway, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

**1.** I am the Plaintiff in this action. This Supplemental Declaration supplements my Declaration filed March 30, 2026 (ECF No. 173-1), which remains true and correct in all respects.

*Authentication*

**2.** Each exhibit filed with my Cross-Motion is a true and correct copy of the corresponding document as produced in discovery or obtained through the EEOC administrative process. To the extent any Bates stamps were affected by formatting in the compilation process, each exhibit corresponds to the Bates-stamped document identified in my original Declaration at paragraphs 10–17 and in the Exhibit List. The substance and content of each document is identical to the Bates-stamped original. I received each document from Ryder's counsel in the course of discovery and can verify each against Ryder's own production files.

**3.** My original Declaration at paragraphs 9–17 identifies each category of exhibits by source, authentication basis, and evidentiary purpose. My Exhibit List identifies each exhibit by description, Bates range, and PDF page number. Ryder's assertion that Plaintiff "does not and cannot identify what any of these records actually are" is contradicted by my own filing.

**4.** The documents in paragraph 10 of my original Declaration — Exhibits B, C, G, H, N, P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, and HH — are Ryder's own documents, created by Ryder's employees, maintained in Ryder's systems, and produced by Ryder in discovery with Bates stamps. I received these documents from Ryder's counsel and they are true and correct copies of what was produced.

**5.** The documents in paragraph 11 — Exhibits D, E, F, I, J, K, L, and M — are emails and documents I authored or received during my employment at Ryder. I have personal knowledge of their contents because I created them or was a direct recipient.

*The Background Check and Employment Application*

**6.** When I applied for employment with Ryder, I submitted both a resume and an employment application. They are separate documents containing separate information.

**7.** The employment application was the document submitted to First Advantage for background verification. The application contained accurate employment history. First Advantage processed the application data through "US PKG 2 Crim and DT 4 panel Combined" (criminal screening and drug test) and "US PKG 3 Education and Employment" (employment verification). The result was "Pass — Eligible" and "BG:Pass_Eligible;DT:Negative." (Ryder/Holloway 000113 (Ex. HH)).

**8.** The resume contained embellishments regarding my tenure at a prior employer. The employment application did not contain these embellishments. The information verified by First Advantage — from the application — was accurate.

**9.** No policy authorizing termination for resume discrepancies was produced in discovery, cited in any declaration, or referenced in any briefing.

**10.** Rockwell's Warehousing Agreement contractually required Ryder to conduct background checks on personnel assigned to the Whitestown facility. Ryder's compliance with that mandate — using accurate application data — produced the "Pass-Eligible" determination.

*Additional Facts on Personal Knowledge*

**11.** When Adams delivered the FMLA letter on November 8, 2024, he described it as an FMLA coaching being issued — not a neutral "reminder of processes."

**12.** Regarding the Carter hiring (SOF ¶¶ 44–48), I was directed by Allen Adams and Samuel Gonzalez to hire two Material Handling Equipment (MHE) operators. I created requisitions and coordinated with HR, which conducted vetting and scheduled interviews. Adams and Gonzalez were aware of the hiring process and participated in it throughout. Ryder's own case notes confirm this was "addressed by ops leadership" on December 5, 2024 (Ryder/Holloway 000265 (Ex. AA)) — thirteen days before it was used as a termination ground.

**13.** In my capacity as Customer Logistics Manager, I was the issuing manager for disciplinary actions against subordinate employees at the Whitestown facility. In every instance, I was required to follow Ryder's progressive discipline process, including ER review, documentation requirements, and the 7-day delivery window. These requirements were enforced by HR Business Partner Theresa Brummett (April 2024), Senior Manager Tim O'Brien (August 2024), and Employee Relations Partner Bailey Snell (October 2024). The emails documenting these requirements are in Exhibit Q (HOLLOWAY_000001, HOLLOWAY_000033, HOLLOWAY_000261–000263).

**14.** When my own Final Written Warning was issued on November 8, 2024, none of these requirements were followed. No verbal warning. No written warning. No 7-day window. No ER

review. No interview of me. No interview of the auditors. Zero prior discipline to a Final Written Warning on the strength of one Rockwell email — four days after it was sent.

**15.** Amy Mesaros is one of the three individuals Ryder identified as involved in the FWW decision and aware of my internal complaints. (Ryder Third RFA No. 1 (Ex. FF)). She forwarded my complaint to Assistant General Counsel Bassford Wilson on October 16, 2024. (Ryder/Holloway 000244 (Ex. Y)). She directed that investigator Abby Follis "stop communication with Mr. Holloway" on November 12, 2024. (Ryder/Holloway 000264 (Ex. AA)). Her declaration recharacterizing "Rockwell Operations" — a term she wrote in the contemporaneous investigation — was filed twenty months after the investigation and for the first time in a reply brief. I was not afforded any opportunity to depose her or examine her regarding the basis for her recharacterization.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Jesse Holloway
Jesse Holloway, Pro Se Plaintiff
915 Cordoba Court
University Park, IL 60484
(708) 855-3832
ariesjackson702@icloud.com

Dated: May 1, 2026